Upon trial before Parker, J., at the last November term in this county, the facts proved by the plaintiff were, that Baxter, being a young man acting as clerk in the store of the plaintiffs, engaged in an adventure to the southward with one Baynes; that the defendant purchased parcels of goods of the witnesses upon credit, and sent the goods to Norfolk by Baynes. When called on for payment, Baxter stated that Baynes had not returned, and that h.e had not funds to pay. On the return of Baynes, he exhibited a bill of exchange, purporting to be drawn by Edward Swarbreck, in Savannah, on Thomas Barron, merchant, at Lancaster, in England. [ *80 ] *The defendant carried one of the witnesses to Baynes, and wished him, the witness, to take the bill, and pay himself out of it, and the balance to pay over to the defendant; but he declined. The plaintiffs took the bill endorsed by Baynes, and paid debts of Baxter to the amount of 600 dollars. They sold the bill to I. H., having endorsed it, and received the amount. I. H. sent it out, and being returned protested, it was taken up by the plaintiffs.
The defendant’s counsel was proceeding to examine witnesses, but was stopped by the Court, who stated to the jury, that the evidence exhibited by the plaintiffs was insufficient for them to recover upon; that all which appeared was, that the plaintiffs had purchased the bill, trusting to the signature of the drawer and endorser; that as they had not required the endorsement of Baxter, he was not liable if it should be returned, unless he had, at the time of its transfer to the plaintiffs, by an affirmation that it was a good bill, induced them to take it.
The jury, nevertheless, returned a verdict for the plaintiffs for 600 dollars; and a motion was made by the defendant’s counsel for a new trial. The review was not waived, on the ground that, the verdict being against the direction of the Court in matter of law, he was entitled to sustain this motion, without waiving his right of review, which was reserved for the opinion of the whole Court.
And now at this term, upon the foregoing report being read, the Court said they were all satisfied, without considering the legality of the judge’s direction, that the cause must be again sent to the jury; the defendant, without any fault on his part, had not been heard ; and, although a review is open, in this case they did not require him to waive it, as in fact he had had no trial.
The verdict was set aside, and a new trial granted.