LYLE SINGLETON, Plaintiff in Error, *v.* THE PACIFIC RAILROAD, Defendant in Error.

41b 465
76a 292

1. *Practice—Pleading—Motion to Strike Out.*—Where the answer denies the facts stated in the petition, it is improper to anticipate a case which it is supposed the plaintiff may attempt to make at the trial, and such matter should be stricken out.
2. *Practice—Pleading—Trial.*—Where the plaintiff sues for the unlawful taking and conversion of property, he cannot at the trial recover as upon an implied contract of sale and delivery.
3. *Practice—Trial—Instructions.*—Where the evidence offered by plaintiff at the trial does not legally tend to support the allegations of the .petition, it is proper for the court to instruct the jury to return a verdict for the defendant ; but where the evidence offered in any manner tends to prove the issues, the court should instruct the jury hypothetically, and leave them to find upon the facts.

*Error to Phelps Circuit Court.*

The plaintiff moved the court to instruct the jury—

1. That if they believe, from the evidence, Lyle Singleton furnished nine thousand ties, or any other number, on the line of the south-west branch of the Pacific railroad, which were by the engineer of said road rejected and were afterwards taken and used in the construction of said road, then the plaintiff is entitled to recover a reasonable compensation for the ties so used.

2. The court further instructs the jury that the contract between the Pacific Railroad Company and Diven, Stancliff & Co., between Diven, Stancliff & Co. and J. Stover, and between J. Stover & Co. and Lyle Singleton, does not affect the right of the plaintiff to recover for ties which none of those companies ever paid for, but which were used for the construction of the road.

3. The court further instructs the jury that the mere fact that the railroad company let the completion of the road to other parties, still that fact does not release the defendant from liability, provided such sub-contractors did not pay for the ties in controversy and the jury are satisfied the ties were used in the construction of said road.

4. The court further instructs the jury that if they believe from the evidence that the Pacific Railroad Company used in the construction of the south-west branch of the Pacific railroad nine thousand ties, and that the said ties were used on the road in laying the track of said road, they will find the issues for plaintiff, and assess his damages at such sum as the jury may find from the evidence has been proven as their value.

All of which the court refused.

*R. H. Musser*, for plaintiff in error.

Sec. 47, R. C., p. 1268, provides that either party may move the court "to give instructions on any point of law arising in the cause, which shall be in writing." The instruction as asked by the defendants does not contain any points of law.

It is obnoxious to the often repeated decisions of this court as an instruction unsupported by evidence—Harrison v. Cachelin, 27 Mo. 27; Clark v. Hammersle, id. 56: as a commentary upon the evidence, it is against law as declared in Morse v. Madox, 19 Mo. 45; Loehner et ux. v. Home Mut. Ins. Co., 19 Mo. 628; Glover v. Duhle, 19 Mo. 360: as an instruction to the jury, what their verdict shall be, against the doctrine in Houghtaling v. Ball, 19 Mo. 84; Chappell v. Allen et al., 38 Mo. 213.

*Geo. E. Leighton,* for defendant in error.

I. The motion to strike out part of defendant's answer was properly overruled. Although, perhaps, not necessary to be inserted, yet it was explanatory of and a necessary part of the defence, and hence not improper.

II. The instructions asked by plaintiff were properly refused. The case is in form and in substance an action of trover, alleging the conversion by defendant of ties which had entered into the construction of the road, and become part and parcel of the realty. In such a case, no recovery can be had unless the defendant is himself the wrong-doer. No recovery can be had against the innocent holder of the realty. Conversion will not lie against a person holding property acquired innocently in a totally distinct character from that originally possessed; in other words, where the property is so changed as to have ceased, to all intents and purposes, to be the property converted—to have lost its identity—2 East. 154; 3 N. H. 484; 6 Greenl. 427; 17 Vt. 540.

FAGG, Judge, delivered the opinion of the court.

This was a suit instituted in the Phelps Circuit Court for the recovery of damages alleged to have been sustained by reason of the taking and conversion of a number of cross-ties by the railroad company, and used in the construction of the south-west branch of the Pacific railroad. There is but the one count in the petition, and the trespass is charged to have been committed directly by the company.

The answer contains a denial of all the allegations in the petition, and then proceeds to set up the fact that a contract for the construction of the south-west branch of its road was made with certain parties therein named, and that "the said contractors were to grade the bed of said road, furnish the ties and all other materials needed in said construction, for an agreed sum; and said contractors did grade and build said road, furnishing said ties and other materials: and if said contractors did use the ties of plaintiff (of which this defendant has no knowledge nor any information sufficient to form a belief), this defendant is not liable to said plaintiff for the same, but the said contractors only are responsible."

A motion was made at the proper time to strike out so much of the answer as related to the contract for the building of the road, which was overruled by the court.

We think it was sufficient to have denied the allegations of the petition. The setting up of this matter, which is certainly not responsive to the petition, seems to have been intended to anticipate a case which the plaintiff might possibly endeavor to make against the defendant by proving that the ties were taken by parties employed by the company to construct the road, and that it should therefore be held liable for their acts. We think it was unnecessary, and ought to have been stricken out. If it had been admitted by the answer that the ties had actually been taken and used in the construction of the road, and the fact was that it had been done by parties who had contracted with the company for the doing of the work, then it would have been proper to set it out in that form. The question as to the liability of the railroad company for a trespass committed by a contractor in the prosecution of his work does not properly arise in this case, and need not be discussed. As the judgment of the Circuit Court will have to be reversed, and the cause remanded for further trial, it will not be necessary to examine minutely the declarations of law asked by the plaintiff and refused by the court. The first is wholly inconsistent with the theory upon which the suit was brought. It assumes

that if a state of facts had been proved sufficient to show an
implied contract between the parties to the suit, then the
plaintiff was entitled to recover a reasonable compensation
for the ties. The second assumes that notwithstanding the
company had contracted with parties to furnish materials and
construct its road, yet, if the ties in question had actually
been used, and the contractors failed to pay for them, it was
nevertheless liable to the plaintiff for their value. The third
is almost precisely to the same effect, and the fourth contains
substantially the same proposition as the first. It is enough
to say of all of them that they were properly refused.

These points being disposed of, we come now to consider
the chief matter of complaint urged by the plaintiff in error.
At the conclusion of the whole case, the following instruction
was given by the court at the instance of defendant's counsel,
and thereupon the plaintiff submitted to a non-suit:

" The defendant by attorney comes and demurs to the evi-
dence as offered to the court, and says that it is not sufficient
in law to entitle plaintiff to recover, and asks the court to
give the following instruction: That the plaintiff having fail-
ed to introduce any evidence to show any liability on the part
of the defendant, and no connection of any kind upon the
part of the railroad company with plaintiff having been shown
in any way, and no evidence of any kind in the case having
been offered to show any liability or connection between
plaintiff and defendant, the jury are instructed to return a
verdict in favor of defendant."

It has been repeatedly held by this court that it is not im-
proper to give an instruction of this character in a case where
there is no evidence whatever to support the plaintiff's alle
gations. But such a case rarely happens. It is frequently
a matter of great difficulty to determine what amounts to
some evidence tending to prove the issue. In all such cases
the better course is to instruct the jury hypothetically, and
let the matter be disposed of in that way. Here the whole
case was through so far as the introduction of testimony was
concerned; and rather than run any risk of invading the

province of the jury, it would have been better to have referred the whole question to them, under proper instructions of the court.

There was no controversy that the plaintiff had placed the number of ties claimed on the line of defendant's road whilst the same was in course of construction. Although it does not appear by what authority it was done, still the evidence is uncontradicted that they were taken and used in the building of the road. We think that it would have been better to have left the jury to find from all the facts and circumstances in the case whether they were so taken and used as to make the defendant liable as charged in plaintiff's petition. To have enabled the jury to come to a correct conclusion upon that point, it would have been right to have declared the law of the case, due regard being had to the facts proved.

The judgment of the Circuit Court will be reversed, and the cause remanded for further trial. The other judges concur.