Points decided.

### THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENTS,
#### *v.* JESUS TORRES, APPELLANT.

BILL OF EXCEPTIONS.—An exception is a formal protest against the ruling of the Court upon a question of law; and a bill of exceptions is a statement in writing, settled and signed by the Judge, of what the ruling was, the facts in view of which it was made, and the protest of counsel.

IDEM.—A document which merely details certain acts which transpired at the trial, but fails to show that there was any ruling by the Court in relation thereto, or any protest of counsel against the action of the Court, is not a bill of exceptions.

INSTRUCTIONS.—When instructions are brought up, without a statement of the evidence in view of which they were given or denied, this Court will not disturb the verdict, unless the instructions be erroneous under every conceivable state of facts.

ASSAULTING THE WRONG PERSON BY MISTAKE.—If A., intending to murder B., shoots C., supposing C. to be B., and wounds C., he is guilty of an assault with intent to murder C.

APPEAL from the County Court, County of San Joaquin.

The defendant was indicted for an assault with intent to commit murder upon C. Mittrovich. He was tried and convicted, as charged. The case was brought to this Court upon what purported to be a bill of exceptions, from which it appeared, among other things, that during the trial one of the jurors rose in his place and stated to the Court that the defendant had been shaking his head at the witness then on the stand, and asked the Court if it was proper for him to do so; but it did not appear that the Court took any action in relation to the matter, or that counsel for the defendant, by motion or otherwise, brought the matter before the Court for its consideration. It further appeared that while the jury were in their room, considering the case, the Sheriff thrust under the door blank forms of the different verdicts which might be found under the indictment; but it did not appear that this matter was called to the attention of the Court in any way, or that the Court made any ruling in relation to it. None of the testimony was contained in the record; but the instructions were set out, and among them was the following:

"If the jury believe from the evidence that, at the time named in the indictment, the defendant assaulted one C. Mittrovich with a knife, but with an intent to kill one M. Drascovich, or any other person than said Mittrovich,

although the intent to kill Mittrovich did not exist, it will be the duty of the jury to convict the defendant."

*Byers & Elliott,* for Appellant.

*Jo Hamilton,* Attorney General, for Respondents.

SANDERSON, J., delivered the opinion of the Court:

The action of one of the jurors in calling the attention of the Court to the fact that the defendant was shaking his head at the witnesses, and asking if such conduct was proper and allowable; and also, the action of the Sheriff, in slipping blank forms of verdict under the door of the jury-room, while the jury was in consultation, are not presented in such a manner as to enable this Court to consider their legal effect upon the verdict. They are brought up here by a bill of exceptions—so called—which merely recites that the acts in question transpired, but does not show that any action by the Court was asked for, or denied, or that there was any action by the Court in relation thereto. There having been no action by the Court below, there is nothing for us to review. A bill of exceptions is defined in the four hundred and thirty-third section of the Criminal Practice Act. An exception is a formal protest against the ruling of the Court upon a question of law, and a bill of exceptions is a written statement, settled and signed by the Judge, of what the ruling was, the facts in view of which it was made, and the protest of counsel. The bill of exceptions—so called—in this case, contains no ruling of the Court, and no protest of counsel, but simply details certain acts which transpired at the trial, in respect to which no action whatever seems to have been taken. Exceptions do not lie to the acts or conduct of the officers of the Court, but of the Court itself.

If counsel conceived that their client was prejudiced in any way by the transactions in question, they ought to have called upon the Court for relief in some form. Had they done so, there doubtless would have been some response on the part of the Court, amounting to a ruling, which might have been made the subject-matter of a bill of exceptions.

Points decided.

The legal effect of the acts could have been brought before the Court for determination, by affidavits, upon a motion for a new trial, and doubtless that is the only mode by which they could have been considered, and their legal effect upon the verdict determined.

The remaining points are aimed at the instructions, which have been brought up without any statement of the evidence in view of which they were allowed or denied by the Court. When such is the case, we do not disturb the verdict, unless the instructions would be erroneous under every conceivable state of facts. (*People* v. *Levison*, 16 Cal. 98; *People* v. *King*, 27 *Id.* 507.) As an abstract proposition, however, the fourth instruction is not erroneous. If A., intending to murder B., shoots C., supposing C. to be B., and wounds C., he is guilty of an assault with intent to murder C. Notwithstanding A.'s mistake, C. is the person whom he assaulted, and whom he intended to kill. (*Regina* v. *Smith*, 33 Eng. L. and E. R. 567.) There are no other points which require special notice.

Judgment affirmed.