---

## TAYLOR vs. ROUNTREE.

*Redemption from tax sale.—Action to remove cloud, under sec.* 29, *ch.* 141, *R. S.*

1. Payment of redemption money to one who was in fact acting as deputy clerk of the county board of supervisors, although not legally appointed such, *held* a valid redemption from a tax sale.
2. One who had redeemed land from a tax sale after the tax deed was recorded, *held* entitled to maintain an action to remove the cloud upon his title created by such deed, although the land was unfenced and unoccupied, and he had only performed slight acts of ownership at distant intervals by selling grass cut thereon.
3. *Grimmer vs. Sumner* (21 Wis. 179), so far as it seems to hold that one must be in the actual, open and notorious occupation and possession of land in order to maintain such action, is overruled.*

APPEAL from the Circuit Court for *La Fayette* County.

Action, under sec. 29, ch. 141, R. S., to remove a cloud upon plaintiff's alleged title to certain lands, which cloud was created by defendant's claim of title under a tax deed executed and recorded in 1857, based upon a sale in 1854, for taxes of 1853, and a second deed executed and recorded in 1859, based upon a sale made in 1855, for taxes of 1854. The court directed a jury to be empaneled to determine the following questions, which will sufficiently show the issues raised by the pleadings: 1. Whether plaintiff was under twenty-one years of age when defendant's tax deeds were executed, and was then the owner

---

*But see the note at the end of this case.

of the lands in question.    2. Whether he was less than twenty-two years of age when this action was commenced.    3. Whether he was in actual possession of the premises at the commencement of the action.    4. Whether said premises had been redeemed from said tax sales within one year after plaintiff attained the age of twenty-one years, or whether a valid offer to redeem had been made within that time.    5. Whether any person was in the actual possession of the premises at the commencement of the action.

The court, at plaintiff's request, gave the following instructions: 1. That, to constitute actual possession of wild, unimproved land, by the owner, it is not necessary that he should reside upon it constantly, if he or those acting under him frequently enter in fact upon the land and exercise open and notorious acts of possession upon it, claiming the right to do so, such as cutting the grass thereon, or other acts of a like character, and performed in a public manner; that such acts constitute such an actual possession as will defeat the constructive possession resulting from the record of a tax deed, in favor of the grantee therein; and that if the plaintiff or his guardian, or the administrator of his father's estate, or others by their permission, exercised such acts of possession and ownership upon the land before and up to the commencement of this action, and if defendant, up to that time, exercised no possessory acts upon said land, the jury must answer the third question above recited in the affirmative.    5. That if, before plaintiff arrived at the age of twenty-two years, he paid to one Murphy, for the purpose of redeeming the lands in question from the tax sale of 1855, a sufficient sum for that purpose, and said Murphy was at the time in fact acting as deputy clerk of the county board of supervisors, and such payment was made to him in that capacity, it was a valid redemption of the land from that sale.

The following instructions were asked by the plaintiff, and refused:    3. That if, in 1857 or 1858, James Taylor or James

Taylor vs. Rountree.

Ashworth went to the office of the clerk of the board of supervisors of La Fayette county, for the purpose of redeeming the lands in question from the tax sale of 1855, with a sufficient sum of money for that purpose, and offered to pay the same to the clerk, in redemption of the lands from said sale, and the clerk refused to receive it, for the alleged reason that said lands had not been sold at said time for taxes, such offer to redeem was equivalent to a redemption.    4. That an offer to redeem, made to the holder and owner of the tax certificate, is valid, and if P. B. Simpson, acting as plaintiff's attorney, before plaintiff arrived at his majority, offered to pay defendant a sufficient sum of money to redeem said lands from the tax sale of 1855, having the money with him at the time, and was prevented from actually producing the money and tendering it to defendant, by the absolute refusal of the latter to accept it, such offer to redeem was equivalent to a redemption.    6. That if plaintiff, or his guardian, before plaintiff arrived at the age of twenty-two years, offered to pay defendant, in redemption of said lands from the tax sale of 1855, a sufficient sum for that purpose, having the money with him for that purpose, and was prevented from producing it and offering it to defendant by the absolute refusal of the latter to accept it, this was equivalent to a redemption.

At defendant's request the following instructions were given:

1. "Actual possession of the land in this case means its actual occupancy by the plaintiff or some person for him, in some one or more of the following ways:   (1.) Where a part of it has been usually cultivated or improved.   (2.) Where it, or a part of it, has been protected by a substantial enclosure. (3.) Where, although not enclosed, it or a part of it has been used for the supply of fuel or of fencing timber, for the purpose of husbandry, or the ordinary use of the occupant.   (4.) Where the plaintiff or his tenant has actually resided upon it. If the plaintiff has not shown possession of the land in some one of the foregoing ways, he was not in the actual possession

of the land." 2. " To redeem the lands of minors from a tax sale, after a deed thereof has been made by the proper authority to the purchaser at such sale, the terms of the law in relation to such redemption must be exactly complied with. The minor or his agent must pay or tender the full amount necessary to redeem the estate, to the clerk of the board of supervisors, for the use of the purchaser or his assigns." 3. " To make a legal tender to such officer, the plaintiff or his agent must have offered to him the amount of the taxes on the land, and all interest and charges thereon, unconditionally, in lawful money, and the money must have been produced, shown and offered to the clerk, unless its actual production was waived by a refusal in advance to accept it, or something equivalent thereto." 4. " An offer to pay the money to the defendant in person, unaccompanied by an actual legal tender of the amount due, is not a sufficient redemption. Nor would an actual tender to *the defendant* by itself, nor a payment to the *county treasurer*, be equivalent to a redemption." 5. " No redemption offered or made since the commencement of this action can avail the plaintiff herein."

The verdict answered all the questions affirmatively. To the *fifth* question the answer was that at the commencement of the action the plaintiff was in possession; and the answer to the *third* question was that he was so in possession " by the cutting of the hay and paying the taxes." The defendant moved for judgment *non obstante*, because there was no proof of any redemption from the sale of 1855, and because the proof was that plaintiff was not in possession at the commencement of the action, and also because of errors in the instructions given at plaintiff's request. Afterwards the judge found as facts : 1. That the land was, at the commencement of the action, and always had been, wild, uncultivated and unoccupied prairie, and was never in the actual possession of any person. 2. That at the commencement of the action defendant had a tax deed of the land, valid on its face, and which had been duly recorded more

Taylor vs. Rountree.

than one year. As conclusions of law, he held that plaintiff could not maintain the action, but it must be dismissed, notwithstanding the verdict.

Judgment accordingly; from which plaintiff appealed.

*P. A. Orton, Jr.,* and *P. B. Simpson,* for appellant, contended, 1. That while in case of an alleged adverse possession against and disseizin of the lawful owner, constructively possessed of wild lands, the adverse possession must be actual, visible and notorious, and such as to give the former owner notice of his disseizin, the mere fact that the land is *not unoccupied,* is sufficient to prevent the disseizin of the owner by the record of a tax deed, and to put the tax-title claimant to his action. *Jones v. Collins,* 16 Wis., 603. 2. That if the land had been redeemed from the tax sale, plaintiff, even if not in the actual, was in the constructive or legal possession (Angell on Lim., § 394; Laws of 1859, ch. 15, sec. 123; Laws of 1861, ch. 138, secs. 5, 6; *Knox v. Cleveland,* 13 Wis., 251; *Grimmer v. Sumner,* 21 id., 182); and that such constructive possession is sufficient to enable plaintiff to maintain this action. Story's Eq. Jur., §§ 700, 701; *Peirsoll v. Elliott,* 6 Pet., 95; *Ward v. Dewey,* 16 N. Y., 519; R. S., ch. 141, sec. 29; 10 Wend., 639; 12 Johns., 184; 8 id., 262; 14 id., 405; Angell on Lim., § 394, and cases there cited. 3. That a tender of the requisite sum of money to the officer for that purpose, was a good redemption. *Jones v. Collins,* 16 Wis., 604; *Woodbury v. Shackleford,* 19 id., 55. An absolute refusal to accept any sum from a debtor is a waiver of the actual production of the money. *Hunter v. Warner,* 1 Wis., 147; *Harding v. Davies,* 2 C. & P., 77; *Vaupell v. Woodward,* 2 Sandf. Ch., 143; *Slingerland v. Morse,* 8 Johns., 474; *Everett v. Saltus,* 15 Wend., 474; *Van Benthuysen v. Sawyer,* 36 N. Y., 151; *Brooks v. Hardwick,* 5 La. Ann., 675. 4. That the payment by plaintiff's agent to Murphy, who was *de facto* deputy clerk, was a good redemption; and that the offer made to defendant personally, was also sufficient. The money, when paid to the clerk, being "for the use of the purchaser," pay-

ment or tender to the purchaser himself is a substantial compliance with the law.

*W. E. Carter*, for respondent, argued that a recorded tax deed, fair on its face, drew after it the actual possession. 6 Wis., 527; 11 id., 442; 13 id., 245; 15 id., 100, 532; 16 id., 594; 17 id., 174; 18 id., 268; 22 id., 241; 24 id., 217. 2. That such recording was an act of ownership, or at least a claim to the lands, within the meaning of sec. 3, ch. 141, R. S. From the date of such recording, plaintiff could have maintained ejectment against the defendant. R. S., ch. 141, sec. 3; 11 Wis., 447; 13 id., 250; 15 id., 537; 17 id., 176; 18 id., 269. 3. That there is no ground for any distinction in this respect between tax deeds upon lands belonging to infants and tax deeds in ordinary cases. 4. That the action could not be maintained by the plaintiff for want of possession on his part, whether the lands were redeemed or not. *Jones v. Collins*, 16 Wis., 594; *Stridde v. Saroni*, 21 id., 173; *Grimmer v. Sumner*, id., 179; *Meade v. Black*, 22 id., 241. 5. Counsel also contended that the mode of redemption provided by law must be strictly complied with (Blackw. on T. T., 505; *Woodbury v. Shackleford*, 19 Wis., 55), and that there was no sufficient evidence of a redemption.

COLE, J. Unquestionably the jury must have found, under the instructions of the court, and upon the issues submitted, that there was a good and valid *redemption* of the land. The plaintiff was a minor when the lands were sold and tax deeds executed. This fact is abundantly established by the evidence, and is really not seriously questioned. The court declined to instruct the jury that the various attempts to redeem the land, whether made by the administrator or guardian, at the times and in the manner detailed in the evidence, or whether made by persons acting for the plaintiff, by offering to pay the defendant a sufficient sum to redeem, which the defendant refused to accept, were in law valid offers to redeem, or were equiva-

lent to a redemption. Whether the court was right in these rulings we need not inquire, because as a matter of fact the jury did find that the land described in the complaint was redeemed from the tax sales and tax deeds within one year after the plaintiff attained the age of twenty-one. And this redemption was doubtless found by the jury upon the evidence under the fifth special instruction given at the request of the plaintiff. That instruction is, we think, sound as a legal proposition, and the payment by Simpson to Murphy, who was acting as deputy clerk of the county board, would be a valid redemption, whether he was a legally appointed deputy or not. So that, assuming as a fact, as we think we must do upon the record, that there was a valid redemption of the land within one year after the plaintiff attained the age of twenty-one, the question arises, Can he maintain this action to cancel the tax deeds, as constituting a cloud upon the title?

It is claimed, on the part of the defendant, that plaintiff has not such a possession as will entitle him to that relief. The lands were wild, uncultivated prairie, and not in the visible or actual occupation of any one. It appears that the lands belonged to Joseph Taylor, who died intestate in 1850, leaving the plaintiff, his only child, about nine years of age. The administrator of the estate of Joseph Taylor acted up to 1859, and doubtless intended to pay all taxes assessed against the land, but, through some mistake, failed to pay the taxes of 1854. He says that while he continued administrator he sold the grass upon the land to John Watson. The guardian of the plaintiff was appointed in 1859, and he says that he likewise let Watson have the grass upon the land for looking after it. But, as the prairie was open and unfenced, there was no occupation or acts of ownership of such nature and notoriety as to give publicity to the possession, such as it was. The tax deeds of the defendant were recorded in May and August, 1859, and the jury probably found that the lands were redeemed in July, 1863, when Simpson, on behalf of the plaintiff, deposited with Mur-

phy a sufficient amount to redeem from the sale of April 10th, 1855. And the question is, Do these various acts of ownership over unimproved lands, and the redemption from the tax deeds, show such a possession in the plaintiff as will enable him to maintain an action to remove a cloud upon the title? We are of the opinion that they do.

The title taken by the defendant by virtue of the tax deeds, was a conditional one. *Wright v. Wing*, 18 Wis., 45. If no redemption had been made, the estate would have become absolute in him. But the plaintiff having redeemed within the time and in the manner prescribed by law, the interest acquired under the tax deeds became revested in him. There was no actual possession under the tax deeds, but only such constructive possession as followed from the recording of those deeds. And when the redemption was made, and the title became revested in the plaintiff, this possession still followed the legal title as an incident of the ownership. The plaintiff is therefore entitled to all the legal remedies which a conveyance of wild and uncultivated land gives the owner who has exercised such occasional acts of ownership over the property as are detailed in the evidence. And consequently the question is, Can a person so situated in respect to real estate, maintain an action to quiet title by removing a cloud hanging over it, either under the jurisdiction of a court of equity or under section 29, chapter 141, R. S. ? It is claimed on the part of the defendant, that he cannot, but that he must have actual, open and notorious possession in order to be entitled to this remedy ; and a number of the decisions of this court are relied on in support of this position. The cases cited are *Jones v. Collins*, 16 Wis., 594; *Stridde v. Saroni*, 21 id., 173; *Grimmer v. Sumner*, id., 179; and *Meade v. Black*, 22 id., 241.

In *Jones v. Collins*, the action was brought by the original owner, against the parties claiming under the tax deed. It appeared that the original owner had remained in possession, and continued to exercise acts of ownership over the land, after

the tax deeds were recorded. It was a case much like the present, with this distinction, that there the acts of dominion and ownership, exercised over the property by the original owner, were more open, notorious, and connected, than in the case before us. The court held that the plaintiff had such title and possession as would enable him to maintain the action. In the case of *Stridde v. Saroni*, the undivided half was in the actual possession of the defendant, holding adversely to the plaintiff, and as to that half the relief was denied. The case of *Meade v. Black* really rests upon the same principle. In *Grimmer v. Sumner*, I do say that an action under section 29, chapter 141, can only be brought by a party in the actual possession of the land and having the legal title. That was a point not very carefully considered in that case, because it was apparent that the action was brought under the provisions of chapter 22, laws of 1859, by the grantee in a tax deed to foreclose the interest of the original owner. The plaintiff had never taken possession under his tax deed, and the entire scope and object of the action were, to avail himself of the remedy given by the law of 1859. And when pressed by the difficulty that the law of 1859 did not apply to the tax deed in that case, he attempted to sustain the action as one to quiet title. Our attention was more particularly directed to the question whether the law of 1859 applied to the case, and as our views were adverse to the plaintiff upon that point, the decision might properly have rested there. What was subsequently said in the opinion was in answer to suggestions of counsel that the action might be treated as one to quiet title. At all events, under the circumstances, we do not feel like regarding the case as an authoritative decision of the question, that a party having the title to real estate can maintain an action to remove a cloud upon the title, only where it appears that he is in the actual, open and notorious occupation and possession of the premises. Here the redemption from the tax deed is an extrinsic fact, which must be proven. If the plaintiff should attempt to sell the property, the objection doubt-

less would be made that the record showed tax deeds upon it. The fact that redemption had been made would be a matter *in pais*. And reason and principle would seem to favor the exercise of the jurisdiction of the court to cancel the tax deeds as constituting a cloud upon the title, although the plaintiff is not in the actual occupation and possession of the premises.

We are therefore of the opinion that the judgment of the circuit court must be reversed, and the cause remanded with directions to grant the plaintiff the relief asked in the complaint.

*By the Court.*—So ordered.

NOTE. In *Wals vs. Grosvenor* (30 Wis.), the court held that *actual* possession is necessary to enable the plaintiff to maintain the action under sec. 29, ch. 141, R. S.; overruling as to that point the above case.—REP.