CUTLER vs. HURLBUT and another.

*Appeal, presumption against error. Bill of exceptions. Ejectment. Practice, directing verdict. Tax deed, validity and effect.*

1. Ejectment. Defendants hold under a tax deed made in 1855. The land remained *vacant* more than three years after the recording of the deed. The deed was in the form prescribed by sec. 3, ch. 66, Laws of 1854, except that the phrase "as the fact is" is omitted in both places. DIXON, C. J., and LYON, J., agree in affirming a judgment for defendants, but upon entirely different grounds. COLE, J., holds the judgment erroneous.

2. All the judges concur in holding that if the tax deed was void upon its face, it did not give defendants the constructive possession, and the three years limitation did not run in their favor, but in favor of the plaintiff. Otherwise, if the deed was valid.

3. DIXON, C, J., and COLE, J., concur in holding the deed void on its face, following *Lain v. Cook*, 15 Wis., 446; *Lain v. Shepardson*, 18 id., 56; and *Wakeley v. Mohr*, id., 331.

4. LYON, J. is of the opinion,

(1). That the omitted phrase would not express any fact not otherwise expressed in the deed, and that such omission does not render the deed invalid, the statute requiring only that it shall be *substantially* in the form there given, or some other *equivalent* form.

(2). The statute in force when the deed was executed making it *conclusive* evidence of the regularity of the proceedings in assessing the land, etc., plaintiff cannot be heard to allege that the land was irregularly assessed with other lands under a single aggregate valuation, and in the name of a person who never owned it.

Cutler vs. Hurlbut-and another.

5. Dixon, C. J., is of the opinion,

(1.) That after the evidence of both parties is in, the court may direct the jury (as was done in this case) to find for the defendant, where the evidence is such that it would not sustain a contrary verdict.

(2). That this court must presume that such direction was rightly given, and all instructions asked for plaintiff rightly refused, until the contrary positively appears.

(3). That the bill of exceptions must show not merely that there *may have been*, but that there *was*, error.

(4). That defendants' tax deed being void, and plaintiff having shown title in himself at a certain time before the commencement of the action, if the bill of exceptions had stated either (1) That it contained all the evidence given on the trial which was material to the consideration of the exceptions here presented; or (2) That the only evidence given for defendants was that which tended to show title in them under the tax deed; or (3) That there was no evidence tending to show that the title acquired by plaintiff had been subsequently divested — the question whether the circuit court erred in the direction given, or in refusing the instructions asked for plaintiff, would be properly before this court.

(5). That in the absence of any such certificate, this court must presume that there was no error.

APPEAL from Circuit Court for *Waukesha* County.

This action was brought by *Morris D. Cutler* against *Edwin and Hiram Hurlbut*, to recover possession of certain real estate in Waukesha county, to which the plaintiff claimed title in fee. The defendant, *Edwin Hurlbut*, answered, claiming title to the premises under a tax deed, and also averring that the plaintiff is not the true owner of the land or the real party in interest. The defendant, *Hiram Hurlbut*, disclaimed any interest in the land except as tenant under *Edwin*.

The facts proved are briefly stated in the opinion of Judge LYON.

The form of the deed prescribed by chapter 66, Laws of 1854, first recites the deposit of tax certificates, "whereby it appears (as the fact is) that certain lands, describing them, were sold for taxes, and subsequently recites that "whereas it further appears (as the fact is) that the owner or claimant of said lands has not redeemed from said sale the lands which were sold as aforesaid,

and said lands are now unredeemed from said sale," &c.   The words in brackets "as the fact is" were omitted in the deed introduced in this case.

. The instructions asked by the plaintiff and refused by the court, also appear in the opinion above referred to.   The court directed a verdict for the defendants, and judgment was entered for them accordingly ; from which plaintiff appeals.

The bill of exceptions merely recites the appearance of the parties at the trial, the impanelling and swearing of the jury, the evidence as given, the exceptions taken, the instructions, verdict and judgment; and says "The parties to this action having stipulated that the foregoing bill of exceptions, as amended, is a correct bill, and that the same may be signed by the judge without further notice, the same is therefore approved and signed by me, this 15th day of October, 1869."

*Westover & Edwards*, for appellants, contended that the tax deed, under which defendants claim, is void on its face, because of the omission of the words "as the fact is," citing *Lain v. Cook*, 15 Wis., 446; *Lain v. Shepardson*, 18 id., 59; *Wakely v. Mohr*, id., 321; that it was not conclusive of the regularity of previous proceedings, and the plaintiff was not barred from showing that the land was not assessed nor sold separately; that the three years limitation of the statute did not aid a void deed, and such a deed did not give color of title nor constructive possession, citing *Sprecker v. Wakely*, 11 Wis., 432; *Hill v. Krieke*, id., 442; *Knox v. Cleveland*, 13 id., 245; *Whitney v. Marshall*, 17 id., 174; *Jones v. Collins*, 16 id., 594; *Head v. James*, 13 id., 641; *Dean v. City of Madison*, 9 id., 402; *Scott v. Onderdonk*, 14 N. Y., 9; *Ward v. Dewey*, 16 id.; 519; *Cox v. Clift*, 2 Comst., 118; that the plaintiff was entitled to ten years from the time defendant went into possession, in which to bring his action, citing *Gunnison v. Hoehne*, 18 Wis., 268; *Boardman v. Bourne*, 20 Iowa, 134; *Gavin v. Shuman*, 23 Ind., 32; *Harrington v. Worcester*, 6 Allen, 576; *Long v. Burnett*, 13 Iowa, 28; *Crosthwait v. Byington*, 11 Iowa, 532.

*Levi Hubbell,* for respondents, argued that the plaintiff stood in no better position than his grantor, and was barred under section 123, chap. 15, R. S. 1849, by the expiration of three years from the recording of the tax deed, citing *Edgerton v. Bird,* 6 Wis., 527; *Falkner v. Dorman,* 7 id., 388; *Dean v. Early,* 15, id., 100; *Paris v. Eager,* id., 562; that the deed though technically defective, gave color of title, and possession under it would be protected, citing *Whitney v. Powell,* 1 Chand, 52; that the statute of 1849 used the terms " the tax deed of sale," and did not limit its protection to title under deeds *executed strictly* in accordance therewith; that although the right of *action* of both parties was barred at the expiration of three years, yet, the land being vacant, either might lawfully go into possession and the other could not disturb him; and that the bill of exceptions does not purport to contain all the testimony.

Upon the motion for a re-hearing, he argued that the recording of Lain's tax deed drew after it the constructive possession of the land, and Pixley having failed to take possession or to bring an action to recover it within three years thereafter, his right of action was for ever barred; that the tax deed, though defective, was sufficient to give color of title to a *bona fide* holder under it; and that the statute was one of repose, intended to aid imperfect titles, and not needed where a deed conveys good title.

LYON, J.   This was an action brought to recover the possession of certain land in the county of Waukesha, purchased of the state in 1848, by *John W. Pixley* and by him conveyed to the plaintiff in 1867; and was commenced February 13, 1868. The land was sold to the county, April 13, 1852, for the unpaid taxes assessed thereon in the year 1851, and the certificate of such sale was duly assigned by the proper officer to *Isaac Lain.*   On the 2d of May, 1855, the clerk of the board of supervisors of Waukesha county executed to *Lain* a deed of the land, which was recorded on the day it was executed.   Such

tax deed is in the form prescribed by the law then in force (General laws of 1854, chap. 66, sec. 3), except that the words "*as the fact is*," which occur twice in the form, are entirely omitted from the deed. *Lain* conveyed the land to the defendant *Edwin Hurlbut*, by deed executed and recorded January 25, 1859, and *Edwin* immediately thereafter entered into the actual possession and occupancy of the land, and has continued to possess and occupy the same until the present time. The defendant Hiram occupies as tenant of *Edwin*. Until *Edwin* took such possession in January, 1859, the land was not actually occupied by any person.

The plaintiff proved on the trial, that in 1851 the land in controversy was assessed with other lands to *Curtis Reed*, and but one valuation was placed upon the whole.

The defendant, *Edwin Hurlbut*, alleged in his answer that the plaintiff was not the real party in interest, and the testimony on behalf of the defendants tended to show that the plaintiff had stated and admitted that the action was instituted for the benefit of other parties, who were to pay the expenses and receive the fruits of the litigation. All the above mentioned conveyances were duly proved on the trial of the cause.

The plaintiff requested the circuit judge to give the jury the following instructions:

"1. The tax deed offered in evidence by the defendants being void upon its face, if the jury find that neither the grantee named therein or his assigns, entered into the actual possession of the premises described therein within three years after such deed was recorded, and also find that the defendants have not been in the actual possession of such premises for ten years previous to the commencement of this action, the plaintiff is entitled to a verdict.

"2. The tax deed to Lain being void on its face, and there having been no possession under it for four years after it was recorded, Lain had no title to convey, and could convey no title to the defendants."

The judge refused to give such instructions, and directed the jury to return a verdict for the defendants, which they accordingly did, and judgment was duly entered pursuant to the verdict.

From that judgment the plaintiff has appealed to this court, and the grounds upon which he seeks a reversal thereof are the alleged errors of the circuit judge in refusing to give the foregoing instructions, and in directing a verdict for the defendants.

When the tax deed of the land in controversy was executed to Lain, and also when the land was sold for the unpaid taxes of 1851, the provisions of sec. 123, chap. 15 of the Revised Statutes of 1849, were in force. That section is as follows: "Any suit or proceeding for the recovery of lands sold for taxes, except in cases where the taxes have been paid, or the lands redeemed as provided by law, shall be commenced within three years from the time of recording the tax deed of sale, and not thereafter."

It is claimed by the defendants that this action, which was not commenced within three years after the recording of such tax deed, is barred by this statute. The answer which counsel for the plaintiff makes to this position, is, that the deed, by reason of the omission therefrom of the words " as the fact is," is void; that it did not vest in Lain, the grantee therein, either the title to, or the constructive possession of, the land; and that, inasmuch as no actual possession of the land was taken under it within three years after it was recorded, no rights can be successfully asserted under it.

If the tax deed is void, it failed to convey to Lain any interest in the land, and the title thereto, and the constructive possession thereof remained in Pixley, the original owner. *Taylor v. Rountree*, 28 Wis., 391. We think that the statutory limitation under consideration, runs in favor of him who during the whole of the three years next after the recording of the tax deed has the title to, and the constructive possession of the land, and not in favor of one who has neither title or possession.

To this effect are several decisions of this court. *Jones v. Collins*, 16 Wis., 594; *Lain v. Shepardson*, 18 id., 59; *Gunnison v. Hœhne*, id.. 268.

Were the tax deed a valid one, and had Pixley been in the actual possession of the land for the three years next after the recording of the deed, it were then too late for Lain or his grantees to assert successfully any claim to the land by virtue thereof; and we are unable to perceive how he or they can be in any better position to do so if the tax deed is void, and no actual possession was taken under it until after the expiration of the three years. In the former case the plaintiff has the actual possession of the land against a valid deed, and in the latter case he has the title and the constructive possession, against a void deed. In either case the burden is upon the claimant under the tax title to assert his claim by action within three years after his deed is recorded, and failing to do so, the statute bars him from asserting it afterwards, and leaves the original owner entirely unaffected by the tax deed. It is scarcely necessary to say that these obervations relate only to the statutory limitation of three years, and have no reference whatever to the limitation of ten years adverse possession under color of title, which is the subject of another statute, and which has no significance in this action.

We are all of the opinion, that, if the tax deed to Lain is void, the defendants are not in a position to claim any rights by virtue of the three years statute of limitation, and that, in such case, the instructions asked on behalf of the plaintiff and refused by the court, should have been given.

This brings us to inquire whether the tax deed is void by reason of the omission therefrom of the words " as the fact is." This court held in *Lain v. Cook*, 15 Wis., 446, that the omission of these words invalidates the deed, and that decision was adhered to in the later cases of *Lain v. Shepardson*, 18 Wis., 59; and *Wakely v. Mohr*, id., 321. A majority of the members of the court are still of the same opinion. Finding myself en-

tirely unable to concur in that opinion, I will briefly state the grounds upon which I dissent therefrom.

I freely concede that "it is entirely competent for the legislature to prescribe the form of a tax deed to transfer title, and where a particular form is prescribed, it must be substantially, if not literally pursued, or the deed will be void." Indeed, I am willing to go further, and for the purposes of the argument, to admit that, in such case, the prescribed form must be *literally* pursued or the deed will be void. This principle is decided in the cases cited thereto in *Lain v. Cook*, and in many others. The decision by this court in *Williams v. The State*, 27 Wis., 402, that an indictment was bad which did not conclude, as the constitution requires, "against the peace and dignity of the state," is an application of the same principle.

But the law under which the tax deed to Lain was executed, does not prescribe a particular form of a tax deed. Such law gives a form, it is true, but it only requires that a deed executed under its provisions, shall be *substantially* in that or other equivalent form. Laws of 1854, chap. 66, sec. 3.

Is the tax deed to Lain substantially equivalent to the form given in that law? It is essential to a correct solution of this question to determine the meaning and effect of the phrase "as the fact is," as the same is used in the statutory form of a tax deed.

1. I do not believe the legislature intended that it should be equivalent to a recital that the clerk of the board of supervisors had examined the records in his office, and that it appeared therefrom that the facts were as stated and recited in the deed. Had such been the intention of the legislature, it would, I think, have retained in the form given in the law of 1854, the language used in that behalf in the law of 1852, chap. 503, which is as follows : "And whereas it appears from an examination of the records of my office that said land is now unredeemed from such sale ; " etc. To omit this plain, concise, and unmistakable provision, and to seek to convey the same meaning by

an awkward use of the expression, " as the fact is "—an expression which, as it is used in the statute, is ambiguous, and fairly admits of widely different constructions—were an act of folly and stupidity which I am not prepared to impute to any legislature of this state.   Besides some of the recitals of fact in the form of a tax deed contained in the law of 1854, and to which the phrase in question refers—as, for instance, the recital that the land was sold *at public auction*—could not be verified by any record in the office of the clerk of the board of supervisors.   I am unable to find any law in force when the deed to Lain was executed, or before that time, which required a record of the fact that the land was sold for unpaid taxes at public auction, to be made or deposited in that office.   It can not reasonably be presumed that the legislature has required the clerk to certify to the existence of a fact from an examination of the records in his office, and at the same time has failed to provide that the existence of such fact shall be made matter of record there.   At least no general and ambiguous words should be construed as.requiring the clerk to state that a fact appears from the records in his office, when it does not so appear.

2.  The same reasoning demonstrates to my mind with greater force, that the phrase under consideration was not intended as an assertion by the clerk that the recitals of fact in the deed to which it had reference, were absolutely true.   None of the facts thus recited were necessarily within the personal knowledge of that officer, and to require him to assert positively in every case that such facts existed, is absurd.

3.  It is conceded that this phrase is not a mere direction inserted in the blank form to show what should be inserted therein, or how the blank should be filled, but that the same is inserted therein as a part of the form itself.

4.  If the foregoing propositions are correct, I think it necessarily follows that the phrase is used merely as an assertion, or rather a re-assertion that the recited facts appear by the certifi-

cate of sale. This observation relates only to the phrase as it is first used in the form. Whatever its signification may be, its use a second time therein is beyond all question a tautology. In that connection it refers only to the single recital that the owner or claimant of the land has not redeemed the same from the sale, and it is followed by the positive statement that the land is unredeemed. Give to the phrase the broadest signification that can be claimed for it,—concede that is an absolute and unqualified assertion that the recital is true,—and we find that the clerk is required to state in the tax deed, 1st, That the fact is that the land has not been redeemed by the owner or claimant from the tax sale; and 2d, That said lands are unredeemed from such sale. Each of these statements is equivalent to the other, and the omission of the first from the tax deed, does not change the meaning, force or effect of the deed in the slightest degree. Again, the statement that the land is unredeemed, is equivalent to, and includes, a recital that it appears from the records that the same is unredeemed. The former is the statement of a fact, the latter, of the evidence which proves the same fact. And the assertion of the fact itself renders unnecessary a statement of the evidence which proves its existence. Omit either from the deed, and it remains substantially unchanged.

So, in like manner, if the phrase where it first occurs is a mere re-assertion that the recited facts appear by the certificate of sale, the use of it is tautological and its omission cannot invalidate the deed to Lain.

It may be said that this construction fails to give any effect to the words or phrase under consideration. Such an objection, however, would not be well taken. The construction for which, I contend, does give meaning, force and effect thereto, although it finds other words or phrases in the tax deed to Lain which are equivalent to the words "as the fact is" omitted therefrom.

It is a rule in the construction of statutes that, if possible,

some effect should be given to every part of a statute, but I know of no rule which requires that a given phrase or sentence shall be construed to have a signification different from every other phrase or sentence therein. In the framing of laws, the legislature may indulge in the use of synonyms and in tautology, with perfect impunity, and when it does so, the courts are not required to demonstrate to the contrary.

I am fully satisfied that the meaning and effect of the tax deed in this case remain unchanged, by reason of the omission of the words " as the fact is," but that the same is substantially equivalent to a deed which follows literally the statutory form. I must hold, therefore, that the tax deed to Lain is not void by reason of such omission.

And inasmuch as the law in force when it was executed makes such deed *conclusive* evidence of the regularity of certain preliminary proceedings, the plaintiff cannot be heard to allege that the land was irregularly assessed in 1851, with other lands, to a person who never owned the land in controversy, and but one valuation placed upon the whole. The presumption is conclusive that the land was properly listed and assessed to the owner or occupant. Laws of 1852, ch. 503, sec. 1.

Although the views which I entertain in relation to this case are so essentially different from the former decisions of this court, I have hesitated to make those views the basis of my action in the case. It has been a serious question in my mind whether the judicial rule " *stare decisis* " was not a controlling one, which demanded that I should acquiesce in those decisions. I would not knowingly fail in a reasonable loyalty to that rule, and could it be said, in any correct sense, that those decisions had become a rule of property in the state, affecting important interests, I should feel bound thereby. But it is not easy to imagine any considerable number of cases where land titles would be unsettled, were this court to change its decision, and hold that the omission of the words " as the fact is " does not invalidate a tax deed. *Lain v. Cook* was decided nearly ten

years ago, and since that decision was announced, probably no tax deeds have been given in the state from which these words are omitted; and of all the tax deeds executed before that time, and which do not contain the words in question, most, if not all of them, have doubtless been either confirmed or invalidated by settlements; by the running of some statute of limitation in favor of or against them; by junior tax sales and conveyances; or in some other manner.

This reason for the application of the rule, then, does not exist, and my convictions are so strong against the soundness of the former decisions of this court on the question under discussion, that I am constrained, notwithstanding those decisions, to hold that the tax deed to Lain is valid, that it conveyed to him the constructive possession of the land, and that the three years statute of limitation had fully run in his favor and against the original owner, long before the plaintiff obtained title to the land, and, of course, long before this action was commenced.

From these views it follows that the instructions asked on behalf of the plaintiff, and which were both predicated of the hypothesis that the tax deed is void, were properly refused, and that the judge was correct in directing the jury to return a verdict for the defendants.

I am of the opinion that the judgment of the circuit court should be affirmed.

DIXON, C. J. I agree that the judgment appealed from must be affirmed, but rest my decision on the ground that there is nothing before this court for review, or nothing which can be assigned or maintained as error on the part of the court below in the respects of which the appellant complains. The only exceptions taken or errors complained of are in the giving and refusal of instructions. The court refused certain written requests to charge, asked by the plaintiff, to which he excepted, and then directed the jury to return a verdict for the defendants, to which exception was also taken by the plaintiff. The

charge of the court was in these words; "I direct you in this case to return a verdict for the defendants. I overrule the written instructions asked for by plaintiff's counsel." The only fact to which I desire to direct attention, or which is material to the view I take of the case as presented in this court is, that the bill of exceptions does not contain or is not certified to contain all of the evidence given upon the trial below. It does not contain or is not certified to contain all the evidence given on the trial which was material to the consideration of the exceptions here presented or supposed to be. It contains no statement that the only evidence given for the defendants on the trial was that which tended to show title in the defendants under the tax deed, and no statement that there was no evidence given or received showing or tending to show the title out of the plaintiff which he had acquired by virtue of the conveyance to him. A statement or certificate in either of these last forms, as well as in the first, would probably have been sufficient to raise the questions as to the correctness of the charge which was given, or of the requests to charge which were refused. But, without a certificate in one of these or other equivalent form, showing that the facts as presented in the court below are now before this court upon the record, I maintain that there is nothing before this court to review or consider as to the correctness or propriety of the charge or refusals to charge.

The court below, refusing all requests to instruct or to submit anything to the jury, on the part of the plaintiff, peremptorily directed them to return a verdict for the defendants. If the court had this power at all, or if it was admissible or competent under any circumstances so to direct a verdict, then it is obvious that the verdict so returned must stand until the defeated party shows that there was error or some mistake of law or of fact in the direction. The practice of thus directing verdicts, especially in actions of this nature, which is ejectment, is familiar to the profession in this state. It is a thing

which has been often done in our courts, and an examination of the books will show that it is a practice the correctness of which is well settled and recognized in the courts elsewhere. It seems at one time to have been considered a matter of some doubt whether the courts could direct a non-suit after evidence given in behalf of the defendant, but it is now well settled that this can be done. *Davis v. Hardy*, 6 Barn. & Cress., 225 [13 E. C. L., 152]; *Fort v. Collins*, 21 Wend., 109; *Jansen v. Acker*, 23 Wend., 480; *Rudd v. Davis*, 3 Hill, 387. In the last named case the court observe: "It is said, that to warrant a non-suit on his own evidence, after a plaintiff has made out a *prima facie* case, the evidence must be conclusive in its character—a record, for instance, or something amounting to absolute verity, so as to present a mere question of law. We do not understand this to be the rule. It is enough that a verdict for the plaintiff would be against the clear weight and effect of the defensive evidence, whatever may be its character." But the practice, which is similar in its nature, of directing a verdict in proper cases, when the evidence is all in, in favor of the party who may be entitled to it, seems never to have been questioned. *Saville v. Lord Farnham*, 2 Mann. & Ryl., 216. [17 E. C. L., 301]; *Nichols v. Goldsmith*, 7 Wend., 160; *Dryden v. Britton*, 19 Wis., 22; *Grand Trunk Railway Co. v. Nichol*, 18 Mich., 170; *Hynds v. Hays*, 25 Ind., 31; *Callahan v. Warne*, 40 Mo., 131; *Singleton v. Pacific Railroad*, 41 Mo., 465; *Smith v. Hann. & St J. R. R. Co.*, 37 Mo., 287; *Stephens v. Brooks*, 2 Bush, 137. And I find it stated in a work of respectable authority (3 Gra. & Wat. on new trials, 1214, note 2), that in the English courts the judge is constantly in the habit of directing a verdict of the jury, which is taken and entered by the clerk as a matter of course; unless the jury object, And in *Davis v. Russell*, 5 Bing., 354 [15 E. C. L., 467], GASELEE, J., said: "I was requested to non-suit the plaintiff. I could not do so upon the plaintiff's case, though in similar cases, I have occasionally done so, after hearing the defendant's case; but when there is

any doubt as to the facts, they must be found by the jury."
See, also, the remarks of MARCY, J., in *Demger v. Sanger*, 6
Wend., 438, and the case of *Dunham v. Baxter*, 4 Mass., 79.

It being thus established that it is competent, and that the
court may in a proper case rightfully thus direct a verdict, it
seems to follow as a matter of course that such verdict cannot
be set aside, or the judgment reversed on error, unless the plain-
tiff in error or appellant, is prepared to show and does show by
the record that such direction was wrong, or that the case was
not a proper one for the court so to direct the jury.   If, in any
case, it be competent or proper for the court to give the direc-
tion, then the presumption must be that the direction was cor-
rectly given, or that there was no error on the part of the court
in giving it in the particular case, until the contrary be shown.
The instances of the application of the maxim, *omnia præsum-
unter rite acta*, to questions of this kind are numberless in the
books, and no one would attempt to collect or cite them.   It is
a maxim which governs as to all judicial proceedings, and
records in courts of general jurisdiction and, as remarked by the
court in *Peebles v. Rand*, 43 N. H., 340, "It can never be enough
to show that there *may be* an error in their proceedings.   The
party who brings a writ of error is bound to show that *it exists*
by proper averments.

The correct understanding and enforcement of this maxim
require the presumption or inference of the existence of any
facts which may be necessary to uphold the proceeding or estab-
lish its validity, the contrary thereof not being shown or proved
by the record.   Such is the presumption *in favor* of the regu-
larity of the proceeding, whilst on the other hand there can be
no presumption *against* it, or for the sake of declaring it invalid.
As said by the court in the case just cited, it is not fit to make
any presumption of the latter kind.   *Dinsmore v. Smith*, 17,
Wis., 20, 25, most strongly illustrates the rule.   In that case, I
thought the application an extreme one and unjustifiable upon
the particular facts, but the general principle was correctly

Cutler vs. Hurlbut and another.

stated.   The order of reference could not have been made without the consent of the parties, and in the absence of anything in the record upon the subject or from which it did not affirmatively appear that there was no consent, the court said the order would "be presumed to have been based upon the necessary consent." In the present case, the answer avers that the plaintiff is not the true owner of the land or the real party in interest. For aught that appears from the bill of exceptions there may have been evidence clearly establishing the defense.   For anything that this court knows, or is informed by the record, the defendants may have introduced an instrument in writing between the plaintiff and Pratt, declaring the trust, which, under the operation of the statute in such cases, may have had the effect to vest the legal title in Pratt.   A deed of conveyance from the plaintiff directly to Pratt may have been introduced in evidence, or it may otherwise have been shown by some proper instrument in writing, that the plaintiff had parted with all legal title or interest before the commencement of the action, or before the trial took place.

The defendants may have shown a release or conveyance from the plaintiffs to themselves, or one of them, and there are many different ways in which the supposed title of the plaintiff may have been divested and gone, and where it would plainly have been the duty of the court, looking upon the instrument or conveyance produced, and determining as matter of law that it carried the plaintiff's legal title, so to instruct the jury, or to direct them to return a verdict for the defendants.   *Grand Trunk Railway Company v. Nichol*; *Hynds v. Hays*, and *Callahan v. Warne, supra*.   How, upon the face of this record, is this court to say that there was no such evidence given or proof made?   I am certain I cannot see how, unless we are to resort to presumptions in aid of error, or for the purpose of convicting the court below of it, in the absence of anything in the record showing it.   It is true there *may have been* error, but it is not certainly true, and cannot be certainly said from the record that

there *was* error.  This court can only reverse on the latter ground, which must be clearly and positively shown, not presumed, as all the authorities agree.  To reverse here, requires the aid of presumption—a presumption that there was no evidence given to justify the direction, which every well considered adjudication forbids.  Such presumption, if indulged, might be entirely contrary to the actual facts, and so the reversal all wrong.

For decisions coming to the very point of the subject here under discussion and directly sustaining my views, as well as clearly showing the true application of the maxim above referred to, I know of none more satisfactory than those heretofore made by this court.  It has frequently been decided here that where the giving or refusing an instruction founded upon the evidence in the case is assigned for error, this court will not presume error; but, unless the contrary affirmatively appears from the evidence preserved in the bill of exceptions, the court will presume that the evidence warranted the charge.  *O'Maley v. Dorn*, 7 Wis., 236; *Townsends v. Bank of Racine*, id., 185; *Parish v. Eager*, 15 id., 532; *Kelley v. Kelley*, 20 id., 443.  In the last case, where the evidence preserved in the bill of exceptions did not show the pertinency or propriety of the instructions, and where it did not appear that the bill of exceptions contained all the testimony, Mr. Justice Cole, delivering the opinion of the court, says: "As the bill of exceptions does not purport to contain all the evidence given on the trial, we must assume that the state of proofs was such as to render the instructions given proper and pertinent, and to show that those asked and refused would have been improper.  Such a state of facts might have been established by the testimony as to make the charge of the court applicable, *although from the evidence returned it might in some respects seem to be erroneous.*"  And to the same effect also, see *McLanore v. Nackolls*, 37 Ala., 663, 676, and cases cited; *Ward v. Cameron's Administrators*, id., 691; *Wise v. Ringer*, 42 id., 488; and *Exparte Donaldson*,

44 Mo., 149, 154; *People v. Torres*, 38 Cal., 141, 143; *Figg v. Mayo*, 39 id., 262; *People v. Long*, id., 694.

This seems quite enough upon the question; but if any further authority be wanting, it will be found in that class of cases entirely analogous in principle, where it becomes necessary for the judge to decide certain preliminary questions of fact in order to determine upon the admissibility of evidence, and where if such decision is to be reviewed, it is invariably held necessary that the bill of exceptions should contain a statement that all the evidence has been reported. *Adiorne v. Bacon*, 6 Cush., 185, 191; *Gorton v. Hadsell*, 9 Cush., 508, 511, and cases there cited.

For the reason thus hastily and imperfectly given, I am of opinion that the judgment of the court below should be affirmed.

COLE, J., dissents.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied.