May Term,
1825.

————————

HUNTING-
TON
v.
COLMAN.

*Monday,*
*May 9.*

## HUNTINGTON *v.* COLMAN.

*A.* sold *B.* a town lot, and gave him a bond conditioned for a title on a certain day, as soon as the purchase-money should be paid. *Held*, that *B.'s* paying part of the note, taking it up, and giving a new note for the residue, was not a sufficient payment to entitle him to a conveyance.

The Court is not bound to instruct the jury upon an abstract question of law.

*Tuesday,*
*May 10.*

ERROR to the *Vigo* Circuit Court.—Debt on a penal bond, conditioned for the making of a title to a lot in *Terre-Haute* on a

certain day, so soon as the purchase-money should be paid. The declaration averred the payment of the money, which the defendant by his plea denied. On the trial of the cause, the plaintiff applied for certain instructions to the jury, which were refused. Verdict and judgment for the defendant.

HOLMAN, J.——A bill of exceptions, filed in this case, informs us that the Circuit Court refused to instruct the jury, that the taking up of a promissory note, after the same was due, and giving another for the balance then due, was a payment or cancelling of the original note. This is the only error alleged in the record; and the decision of this is not required by the pleadings in the case. There is no direct connexion between the case and the instruction required. The action is debt upon a penal bond, with a collateral condition for the conveyance of a town lot by a certain day, so soon as the purchase-money should be paid (1). The plaintiff averred the payment, which was denied by the plea, on which issue was taken. If the instruction was to have a bearing on this issue, the Circuit Court was correct in refusing to give it. For whether a note is to be considered as paid or cancelled by its being taken up, and another note given for the balance then due, is not the question in issue. The question is, has the purchase-money been paid? The cancelling of one obligation for the purchase-money, by the giving of another, would not be a payment of the money. The obligation to pay the money stands so far independent of the evidences of that demand, that they may be varied from time to time and not affect the obligation itself. So that the Court could not have instructed the jury, that the taking up of the original note for the purchase-money, and the giving of another for the balance then due, was an actual payment of the money. If the instruction was not to have this relation to the issue, it could have had no bearing on the case, but must have been required on an abstract question of law, and the refusal to give it cannot be assigned for error.

Per Curiam.——The judgment is affirmed with costs.

Dewey and Judah, for the plaintiff.

Tabbs, for the defendant.

(1) The vendee, though he has paid the purchase-money, is not entitled to recover on such a contract, unless he has also made a demand of the deed, before the commencement of the suit. Sheets v. Andrews, Nov. term, 1829, post. Nor can the vendor, in such a case, recover the purchase-money without

May Term,
1825.

showing a performance of his part of the contract, or an offer to perform it. *Leonard* v. *Bates*, ante, p. 172 and note 2.—*Muchmore* v. *Bates*, ante, p. 248.

As to the measure of damages in actions on title-bonds, or on the usual covenants in conveyances of real estate, vide *Lindley* v. *Lukin*, ante, p. 266.— *Blackwell* v. *The Board of Justices of Lawrence County*, May term, 1828, post.— *Sheets* v. *Andrews*, supra.