# IN GENERAL TERM, 1873.

JAMES SIGLER v. N. B. CODER AND IRA H. CARPENTER, Appellant.

CHOSE IN ACTION.

A *chose-in-action*, or any specific article, other than money, to operate as payment of a debt, it must be affirmatively shown that it was received by the creditor upon an express agreement that it should so operate.

No agreement can be implied from the simple reception of a note, acceptance, or other promise by the creditor that such is taken as payment, or extinguishment of an original debt.

*McDonald & Butler*, for appellant.
*Test, Burns & Wright*, for appellee.

PERKINS, J.—Sigler sued Coder and Carpenter on a bill for lumber delivered to them as partners. Coder made default. Carpenter answered, that the partnership had been dissolved, and that after its dissolution Sigler received from Coder some money, and Coder's individual acceptance, payable at a bank, at thirty days, in full payment of the bill for the lumber, whereby he, Carpenter, was discharged from liability on the bill. The plaintiff replied in denial. The cause was tried by the Court. Finding for the plaintiff, and judgment accordingly.

The Court made a special finding of facts, and stated its conclusions of law thereon. The defendant excepted to the conclusions of law, and moved for a new trial on the ground

that the finding of facts was not justified by the evidence. The motion was overruled, and a bill of exceptions presents the evidence to this Court.

The facts found by the Court, so far as they are material to the questions to be decided in this appeal, are substantially these: That on the 25th day of October, 1871, the plaintiff, who resides at Greencastle, Indiana, shipped to the defendants, then partners, and residents of Indianapolis, at their request, the lumber for the price of which this suit was brought; that the lumber was received by the defendants on the 27th of October, two days after its shipment; that the partnership between Coder and Carpenter, defendants, was dissolved on the 2d day November following. The special finding proceeds:

" On the 30th day of November, 1871, the plaintiff called at the office formerly occupied by Coder & Carpenter, at the city of Indianapolis, to demand, and receive payment for the lumber, and he was there informed by the defendant Coder that his money had been sent to him at Greencastle, whereupon the plaintiff returned home, and instead of money he found the acceptance of the defendant, N. B. Coder, of a draft at thirty days sight, payable at Woollen, Webb & Co.'s Bank, Indianapolis, Indiana, for the sum of three hundred and sixty-one dollars and sixteen cents, the amount due on the lumber, five dollars having previously been paid the plaintiff thereon. The plaintiff then signed the draft, and indorsed it for collection to the Farmers' Bank, Greencastle, Indiana. After the expiration of the thirty days, the acceptance was returned to the plaintiff protested for non-payment.

Afterwards, on the 9th day of January, 1872, the plaintiff's agent called at the same place, with the protested acceptance, and demanded payment for the lumber, whereupon the defendant, Coder, made some objections about the lumber not having been properly culled, and claimed some reduc

tion from the amount, and the plaintiffs agent, without authority from the plaintiff, agreed to receive three hundred and forty-five dollars in payment for the lumber, and the defendant, Coder, agreed to pay the said sum, and promised to meet the said agent at the Sherman House, in Indianapolis, and pay him the money on that same day, prior to the departure of the regular train for Greencastle; the defendant Coder did not meet the agent by the time agreed on, but afterwards on the same day, he came, and paid the agent of plaintiff one hundred and forty-five dollars, and tendered him an acceptance of a draft by N. B. Coder for two hundred dollars, one month after date, (January 9th, 1872,); the agent of plaintiff refused to take the acceptance, but on Coder assuring him that it would be paid promptly, he took the draft and delivered it to the plaintiff, who signed it and indorsed it to the Farmers' Bank as before. The draft was never paid by the defendant Coder, but was returned protested after the expiration of the month. The agent of plaintiff had no authority from plaintiff to receive the acceptance of Coder in payment for the lumber.

There was no express agreement by the plaintiff, and defendant, or either of them, that the acceptances of Coder should be taken as payment of the original debt, and in discharge thereof. On the foregoing facts the Court finds as conclusions of law, that no agreement can be implied, that the acceptance of Coder was received by the plaintiff in discharge of the debt, and that the plaintiff is entitled to recover of the defendants Nathaniel B. Coder, and Ira H. Carpenter, the sum of two hundred and sixteen dollars and sixteen cents."

Is this finding of the Court on the facts correct? Are the conclusions of law upon the facts correct? It is very clear that the evidence discloses no express agreement to receive the acceptances as payment. Nor does it show any con-

Sigler *v.* Coder, and Carpenter.

sideration, either by way of profit to Sigler, or loss to Carpenter for the release of the latter. The acceptances were worked into the plaintiff's hands against his desire, and by a sort of imposition. All he did with them was to hold them till due, to ascertain if they would produce payment of his demand. It is well settled, that no agreement can be inferred from the simple reception of a note, a promise to pay, that such note, or promise is taken as payment. And it is equally well settled that the reception of a note for a debt due, does not operate as payment, unless it be agreed that it shall so operate.

Money is the only legal tender for the payment of money debts, and the only thing that operates *per se* as payment. Hence, if it is claimed that a chose-in-action, or any specific article, other than money, has operated as payment of such debt, it must be affirmatively shown that it was received by the creditor upon an agreement that it should so operate.

In *Frisbee et al.* v. *Lindley, &c.*, 23 *Ind.*, on *p.* 517, the Court say, "The receipt of the bills on Pierce by the plaintiff, did not, of itself, constitute a payment on the bill sued on; but to have that effect they must have been accepted as such payment."

In *Huntington* v. *Colman*, 1 *Blackf.*, 348, the Court uses this language: "The cancelling of one obligation for the purchase money, by the giving of another, would not be a payment of the money. The obligation to pay the money stands so far independent of the evidences of that demand, that they may be varied from time to time, and not affect the obligation itself. So that the Court would not have instructed the jury, that the taking up of the original note for the purchase money, and the giving of another for the balance then due, was an actual payment of the money."

So in *Kiser* v. *Ruddick*, 8 *Blackf.*, on *p.* 385, Judge Smith, citing authorities, says: "A creditor may accept notes, or

Sigler *v.* Coder, and Carpenter.

other choses-in-action, either in payment, or for better security only, but the delivery of such choses-in-action is not payment unless they are received as such, or produce payment." See, also, *Louden* v. *Birt,* 4 *Ind.,* 566. The unsettled question on this subject has been, and now is, not whether there must be an agreement, that a chose-in-action given for a debt, shall operate as payment, in order that it may have that effect, but as to the kind of an agreement necessary in such case, that is, whether the evidence must show an express agreement, or only circumstances, and acts from which the agreement may be legally inferred. Courts in different States differ on this point. Judge Sharswood, in his edition of Biles on Bills, top p. 284, collects the conflicting cases. Much the larger number sustain this proposition as laid down by him:

" A bill of exchange, or promissory note, either of a debtor, or any other person, is not payment of a precedent debt, unless it be so expressly agreed." ·

See, also, *Elwood* v. *Deifendorf,* 5 *Barb.,* (*N. Y.*) *R.,* a strong case to the same effect.

We do not find that this precise point has been ruled upon by our Supreme Court, except in a single case; that of *Tyner* v. *Stoops,* 11 *Ind.,* 22. In that case the Court hold that the contract must be express. In the case at bar, then, as there was no express agreement, and no facts proved, on which even an implied agreement could reasonably be found, there can be no doubt of the correctness of the judgment below, and it must be affirmed.

Affirmed.

NOTE.—See *Smith's Mercantile Law, p.* 347, *et seq,* and notes on subject. 1st. *Of suspension.* 2d. *Extinguishment.* 3d. *Satisfaction.* 4th. *Discharge* on bills and notes. " See, also, *Chitty on Contracts, p.* 788, *et seq,* and notes; also, 1 *Blackf.,* 348, and notes.