is no equity in the bill; and that there was no error in dismissing it "without prejudice to the exhibition of another bill."

Conceding that the chancellor might have allowed or ordered an amendment of the bill, instead of dismissing it; he was not bound, *ex mero motu*, to have done so. We cannot reverse his decree, or open and remand the cause, for an amendment of the bill, on the mere ground that he did not, *ex mero motu*, order an amendment, on sustaining the demurrer for want of equity, after the cause had been submitted for final hearing on the pleadings and proofs.

The decree is affirmed, at the costs of the appellant.

---

## MAULDEN, MONTAGUE & CO. *vs.* ARMISTEAD.

[BILL IN EQUITY FOR INJUNCTION OF JUDGMENT AT LAW, SPECIFIC PERFORMANCE OF PAROL CONTRACT, AND GENERAL RELIEF.]

1. *Conclusiveness of judicial decisions.*—In reviewing a final decree in chancery, rendered on hearing on bill and answer, the appellate court will not re-examine the points decided on a former appeal from an interlocutory decree dissolving the injunction on the coming in of the answer.

APPEAL from the Chancery Court of Marengo.
Heard before the Hon. J. W. LESESNE.

THIS case was before this court at its June term, 1850, on appeal from an interlocutory order of the chancellor dissolving the injunction on the coming in of the answer; and the chancellor's decree was then reversed, and the cause remanded.—See 18 Ala. 500. The present appeal is taken from the final decree rendered on final hearing on bill and answer. The material facts will be readily understood from the opinion of the court, in connection with the former report.

A. R. MANNING, and WM. M. BROOKS, for appellants.
LYON & PRINCE, *contra.*

STONE, J.—The bill in this case prays relief on three grounds: first, that the cotton crop of 1842 was hypothecated for the payment of the bill of exchange, accepted by complainants for the accommodation of Robert B. Armistead; second, that the deed of March 17th, 1842, constituted complainants preferred creditors; and, third, that the debt to Hugh Campbell, for which William Armistead and James Semple were sureties, was paid off and discharged.

The chancellor dissolved the injunction on the answer; and in doing so, declared the legal effect of the alleged hypethecation, and of the deed of March, 1842. This court, on appeal from the order dissolving the injunction, reviewed the chancellor's decision, and, on the two points above noted, attained the same conclusion.—18 Ala. 500.

In passing upon the motion to dissolve the injunction, it was indispensably necessary, both in the court below and in this court, that the deed of 1842 should be construed. It did receive a deliberate construction, and the final decree, which we are now considering, is in strict accordance with that construction. We are now asked to re-examine that question, and give the deed a different construction; not on the ground that the construction of the deed by this court at the former term was unnecessary to a decision of the questions there presented; but that if the court had construed the deed as now contended for, it would have arrived at the same result, viz., a reinstatement of the injunction.

The injunction was dissolved on bill and answer. That decision was reviewed in this court on bill and answer. The final decree, after the cause was remanded, was pronounced on bill and answer, without testimony; the answer on that trial being made more complete by amendment. The record, on this trial, presents no material fact or question, which was not presented on the former trial. Under these circumstances, we can not re-investigate the questions heretofore settled in this case. "Were

it otherwise," says Chancellor Kent, "there would be no such thing as a final end to litigation."—Gelston v. Codwise, 1 Johns. Ch. 195; Rugely & Harrison v. Robinson, 19 Ala. 404.

There is no error in the record, and the decree of the chancellor is affirmed, with costs.

GOODMAN & MITCHELL *vs.* WALKER, Executrix &c.

[CASE AGAINST ATTORNEYS-AT-LAW FOR NEGLIGENCE.]

1. *Conclusiveness of judicial decisions.*—An opinion of the supreme court is the law of the case in which it is pronounced, when brought up on a second appeal.

2. *Attorney's liability for negligence and want of skill.*—An attorney-at-law is responsible for losses caused by his disregard, in the bringing of a suit for his client, of a rule of law which was well and clearly defined, both in the text-books and the reports, and which had existed and been published long enough to justify the belief that it was known to the profession.

3. *When agent may sue in his own name.*—On a promissory note payable "to W. A. M., agent of M. W., executrix of J. H. W., deceased," an action may be maintained in the name of the agent.

4. *How executrix may sue.*—On such promissory note, the executrix may maintain an action in her own name, either individually, or in her official capacity; averring, in the latter case, that the demand is assets of her testator's estate.

5. *Departure.*—Where the writ is in the name of one person, it is a departure to file a declaration in the name of another person for his use.

6. *Admissibility of receipt and record as evidence.*—An attorney's receipt for a claim, placed in his hands for collection, is admissible evidence against him, in an action on the case for negligence and unskillfulness, to prove the relation of attorney and client; and the record of the suit on the claim is also admissible against him, to prove the final determination of that suit, although it was conducted by him in the name of another attorney.

7. *Admissibility of evidence and charge on effect.*—In an action against two, evidence being offered which is admissible against one, the other cannot exclude it because not admissible against him, but must limit its operation by a request for proper instructions to the jury.

8. *Opinion inadmissible.*—Where an attorney is charged with negligence and unskillfulness in the institution and prosecution of a suit for his client, he cannot be allowed to prove that he consulted a distinguished attorney respecting the proper course to be pursued by him, or that the arrangement