Bray *v.* Pearsoll and Another.

Suit upon a promissory note.   Answer, that the note was in consideration of, and in part payment for, certain land described.   *Held,* that this allegation is material, and must be proved; but strict proof is not required. -

If the maker of a promissory note take it up by executing to the same payee new notes for the same amount, the consideration of the new notes is the same as that of the old; and the maker may set up a failure of consideration in defense of a suit by an assignee upon the new notes.

APPEAL from the *Boone* Court of Common Pleas.

DAVISON, J.—The appellees, who were the plaintiffs,

brought this action against *Bray*, who was the defendant, upon a promisory note for the payment of 90 dollars. The note bears date *May* the 16th, 1855, and was payable to one *George W. Gibson* at seven months. *Gibson*, on the 29th of the same month, assigned it to the plaintiffs.

The defendant, in his answer, alleges that the note was executed by him to *Gibson* for and in consideration of, and as part payment for, a tract of land, describing it; that the vendor, at the time of the sale, represented to the defendant that the line on the north side of the tract ran so as to include a certain dwelling-house of the value of 300 dollars; that defendant, believing said representations to be true, purchased the land, and accepted a deed from one *William McLane*, in whom the title was, who, also, when he made the deed, represented said dwelling-house to be within the boundaries of the land. It is averred that the representations were false and fraudulent; that said line did not so run, &c., and that said house was not within the boundaries of the land sold and conveyed as aforesaid; and further, that defendant, having taken possession of said house under his purchase and deed, was afterwards ejected therefrom by one *Samuel Vest*, who held an older and paramount title, &c.

The plaintiffs replied by a general denial. The issues were submitted to a jury, who returned a verdict in this form: "We the jury, in accordance with the instructions of the Court, find for the plaintiffs 97 dollars and 36 cents— the amount of the note sued on with interest."

Motion for a new trial denied, and judgment, &c.

The facts, so far as they relate to questions arising in the record, are these: The legal title to the land, described in the complaint, was in *William McLane*, though it really belonged to his sons, *James* and *Selden McLane*. In *June*, 1854, *William McLane* sold the land described in the complaint, being authorized to do so, to *Bray*, the defendant, for 1,600 dollars, of which 1,200 dollars was paid in hand, and for the residue the defendant executed two promissory notes, each for the payment of 200 dollars, payable *December* 25, 1855. One of these notes, by the assent of the

vendor and his sons, *James* and *Selden*, was made payable to *Gibson*, the assignor of the note in suit. At the time of the sale, the vendor pointed out to defendant certain lines, which he represented as the true boundaries of the land, and the boundaries thus pointed out included the dwelling-house mentioned in the complaint. The vendor, in pursuance of the sale, executed a deed to the defendant. In *May*, 1855, *Gibson*, being indebted to one *John Cole* 110 dollars, handed him, *Cole*, the 200 dollar note, stating that it was for a part of the purchase-money of said real estate, and a lien thereon. And *Cole*, by the directions of *Gibson*, called on defendant, and procured him to give, in lieu of the 200 dollars, two notes, viz., one for 110 dollars payable to him, *Cole*, and another for 90 dollars, payable to *Gibson*, on the 25th of *December*, 1855. The last note is the one on which this suit is founded. After this, in *February*, 1856, it was ascertained by actual survey that said dwelling-house was not within the boundaries pointed out by the vendor and set forth in the defendant's deed.

Various instructions were moved by the defendant, and refused by the Court; but the record shows that the decision turned solely upon the instructions given; hence, those refused will not be further noticed.

The Court instructed as follows:

"It is incumbent on the defendant to prove the material allegations in his answer. The allegation that the note sued on was given for the real estate described in the answer, is a material allegation, and he is compelled to prove it, in order to make out his defense; and there being no proof at all that said note was given for real estate as alleged, but that it was given for another note, the law is with the plaintiffs, and it is your duty to find for them. You will, therefore, find for the plaintiffs, and assess their damages at the amount of the note and interest," &c.

The answer says the note was given in consideration of, and in part payment for, the land described, &c. This allegation is material, and if there was no evidence tending to prove it, the instruction is *not* erroneous. 8 Blackf. 256. It may, however, be assumed that the rules which

govern the production of evidence do not, in cases like the present, require strict proof. If the averment be substantially proved, it will be sufficient.

The evidence shows that the defendant executed a note to *Gibson* for 200 dollars, being for a part of the purchase-money of real estate; that it was given up to the defendant, and in lieu of it he executed two notes, one to *Cole* for 110 dollars, and the other, the note in suit, to *Gibson*, for 90 dollars. What, then, was the consideration of the latter note? It was not in the giving up of the original note; because in that transaction the promisor received no benefit, nor did the promisee sustain injury. But the new notes were given for the same demand included in the old note; and the result seems to be, that the note sued on was really given, as alleged, in part payment for real estate. This conclusion being correct, and we think it is, the instruction cannot be sustained.

It is true, where a note has been assigned, and the assignee, in lieu of it, obtains from the maker a note payable to himself, it is not competent for the maker, in an action upon the new note, to set up in his defense a failure in the consideration of the original note; because, in the transaction, the assignee relinquished his right to sue on the assignment, and such relinquishment is a sufficient consideration for the new promise. This is the ruling in *Justice* v. *Charles*, 7 Blackf. 122, to which we are referred. See, also, *Williams* v. *Rank*, 1 Ind. R. 230.

But these cases, it will at once be seen, are not in point. The note before us is not subject to any consideration save that upon which the original note was founded. *Hill* v. *Buckminster*, 5 Pick. 391.—*The Commonwealth Ins. Co.* v. *Whitney*, 1 Met. 21.—*Kirkpatrick* v. *Muirhead*, 16 Penn. State R. 117.—*Huntington* v. *Colman*, 1 Blackf. 348. —*Aldridge* v. *Dunn*, 7 id. 249. These authorities fully sustain the positions assumed in this opinion.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

O. S. *Hamilton* and D. H. *Hamilton*, for the appellant.
A. J. *Boone* and H. *Shannon*, for the appellees.