*H. A. Brouse* and *R. Vaile*, for the appellee.

May Term, 1861.

DEVOL
v.
HALSTEAD.

---

*Thursday, June 6.*

---

## DEVOL, Guardian of TUFTS, *v.* HALSTEAD.

*A.*, being himself the administrator of the estate of *B.*, filed a claim against said estate, which was entitled and docketed, "*A.* v. *The Estate of B.*" The record states that the "defendant" appeared, answered, and went to trial. After the filing of the transcript, the appellant represented to this Court, by petition, that as guardian of the only heir of *B.*, he had appeared and made the defense below, and asked leave to prosecute the appeal.

*Held*, that after the showing made by his petition, the guardian could not be heard to object that no adversary party was named in the claim.

In a suit upon a lease made by "*A.*, as agent for *B.*," the latter is properly described as the lessor.

Where one of two joint debtors has deceased, a judgment against the survivor is not a bar to proceedings against the estate of the other.

*Thursday,
June 6.*

APPEAL from the *Floyd* Common Pleas.

HANNA, J.—The appellee filed a claim against "The estate of *Gorham Tufts.*" The case was so docketed, and as far as the record shows, was so prosecuted to a final determination below. The record shows that the "parties appeared," and that the "defendant" demurred, answered, made objection to the introduction of evidence, moved for a new trial, took bills of exceptions, &c. But as the representative of the estate was the plaintiff, and he had not by his complaint made an adversary party capable of defending, nor had the Court, by an order of record, in any manner made such party, the proceedings would, by the showing of the record, have appeared irregular, at least. See *Hubbard* v. *Hubbard, ante,* p. 25. After the transcript was filed in this Court, the appellant, by petition, averred that as the guardian ·of the only heir of *Tufts* he had appeared below, and by permission of the Court made the defense which was made, and prayed that the record might be so changed as to permit him to prosecute this appeal.

Under these circumstances, we think the appellant can not be heard in his objection, now made, that the record does' not show an adversary party and proceeding below.

For two reasons, it is urged that the demurrer to the complaint should have been sustained: first, because the instrument upon which the claim is founded was not executed by *Halstead;* second, that it was the joint instrument, or promise of one *Clark* and *Tufts,* and as judgment had been taken against *Clark,* another suit could not be prosecuted.

The written instrument began in this form: "Memorandum of lease and covenant made and entered into on, &c., by and between *William A. Scribner,* as agent for *David C. Halstead,* of the one part, and *William Clark* and *Gorham Tufts,* of the other part." It was signed, *William A.*

*Scribner*, agent for *David C. Halstead*," and by each of the other persons, and sealed.

The complaint avers that they jointly occupied the premises leased, and that after the death of *Tufts*, to wit, in 1851, a suit was brought, judgment obtained, execution issued, and returned no property found as to *Clark;* that *Clark* died in 1857, insolvent, and this claim was in 1859 filed against said estate.

Was the lease the contract of *Halstead*, and if so, does he show a right to maintain this second suit upon it?

As to the first inquiry, as there is nothing in the body of the instrument which shows that the parties are other than as expressed in the parts herein quoted—they being continually referred to as " the party of the first part," or " the party of the second part," we are of opinion that the plaintiff is properly described in the complaint as the lessor.   1 Blackf. 242.

As to the second inquiry, it has been decided by this Court, (*Taylor* v. *Claypool*, 5 Blackf. 558; and *Henderson* v. *Reeves*, 6 Blackf. 101) that a judgment against one joint promissor in a note, is a bar to another suit on the same note against the other maker; but those were not instances where the promissor not joined was dead, and therefore it is insisted, even if this is true as to the rights of the parties when they are all living, that it does not apply to a case where judgment is taken against a surviving joint promissor who proves insolvent; but that under such circumstances the creditor could, under the old practice, pursue in equity the assets of the deceased promissor, (*Brown* v. *Benight*, 3 Blackf. 40,) and that under the present practice, in which the distinctions between law and equity are abrogated, a simple civil action can be maintained so as to subject the assets to the debt, in a case of insolvency of the surviving joint maker of the note.   It is further urged, that the Legislature, by the first clause of § 41 and § 641 of the Practice act, has changed the rule, even at law, in regard to a judgment against one, being a bar to a suit against another, joint contractor.

This question has been already settled in this Court, in the case of *Weyer* v. *Thornburgh*, 15 Ind. 124.   It is not,

May Term,
1861.

therefore, necessary to inquire as to the effect of the statute quoted.

*J. H. Stotzenburg* and *T. M. Brown*, for the appellant.

*J. Collins* and *A. B. Collins*, for the appellee.