Moss vs. Rowland, &c.

CASE 12—PETITION EQUITY— JUNE 6.

# Moss vs. Rowland, &c.

3bu 505
132    341

### APPEAL FROM WOODFORD CIRCUIT COURT.

1.  The death of the defendant having been suggested, and the action continued for revivor against his executrix, at the next term of the court she filed her answer without objection, and without a formal revivor. Afterwards, the plaintiff brought the case to the court of appeals, and the judgment was reversed without any question by the plaintiff or the court as to her right to defend as executrix. The case being brought to the court of appeals a second time by the plaintiff, it is certainly now too late for him to make that question.

2.  The right of an executrix resident in Missouri to defend a suit in this State, is not extinguished by her subsequent marriage. Our statute to that effect does not apply to foreign representatives whose rights depend on foreign law.

3.  According to the common law, which, without proof to the contrary, must be presumed to be the law of Missouri, the State of the residence of the executrix, her executorial functions were neither extinguished nor suspended by her subsequent marriage.

4.  The local law requiring a foreign representative, to execute bond before suing in this State, does not apply to one who is sued here and chooses to defend.

5.  The record, showing no objection to the submission of the case only a few days after the filing of the amended answer, the hearing may not have been premature or erroneous. As there was no objection to the hearing, no motion for a continuance or for a rehearing, the court of appeals will not adjudge the hearing premature or erroneous.

6.  The circuit court dissolving the injunction, rendered judgment for fourteen dollars, ten per cent. damages, when ten per cent. on the amount enjoined amounted to a few cents less than seven dollars. For this error, the judgment for damages is reversed.

Moss vs. Rowland, &c.

PORTER & GREATHOUSE,　　　　　　　　For Appellant,
CITED—

*Civil Code, sec.* 560.

2 *Bibb,* 328; *Veech vs. Pennebaker.*

4 *Dana,* 289; *McIlvoy vs. McIlvoy's ex'r.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellant, on a charge of usury, enjoined an unpaid balance on a judgment obtained against him by Henry Rowland. Before answer, Rowland's death was suggested by Moss' counsel, and, at his instance, the case was continued for revivor against Clarinda Rowland as the decedent's executrix; and when, at the next term, without formal revivor, her answer was offered, it was filed without any objection. Afterwards, the case was brought by Moss to this court, and the judgment reversed without any question by him or the court as to her right to defend as executrix. It is certainly now too late to make that question.

Nor was her right so to defend extinguished by her subsequent marriage, as uselessly disclosed in her amended answer. Our statute to that effect does not apply to foreign representatives whose rights depend on foreign law. According to the common law, which, without proof to the contrary, must be presumed to be the law of her State (Missouri), her executorial functions were neither extinguished nor suspended by her marriage; and the record showing no objection to the submission of the case only a few days after the filing of that amendment, the hearing may not have been premature or unauthorized.

Nor does our local law, requiring a foreign representative to execute bond before suing in this State, apply to one who is sued here and chooses to defend; and

whether it could be applied to the appellant when she may attempt to enforce by execution the judgment in her testator's favor, we cannot now judicially decide.

Then, as there was no objection to the hearing, nor motion for a continuance or for a rehearing, we cannot adjudge the hearing premature or erroneous; and, consequently, the charge of usury on which the judgment was enjoined, having been denied by the answer, and also being unsupported by proof, the judgment dissolving the injunction and dismissing the petition, cannot be reversed.

But the judgment for fourteen dollars, as ten per cent. damages on the amount enjoined, seems to be excessive. Upon the face of the record our calculation makes the per centage some cents less than seven dollars.

For this apparent error, the judgment for damages is reversed, and the cause remanded for correction.