## WRIGHT VS. SPERRY AND WIFE.

(1, 2) MORTGAGOR AND MORTGAGEE: *Right of mortgagee (or purchaser on foreclosure) to acquire adverse title while mortgagor is in possession.* (3) *Res adjudicata.*

1. Mortgagor's possession (where he is not treated as a trespasser) is so far that of mortgagee, that the latter may purchase an adverse title while such possession continues, notwithstanding sec. 7, ch. 86. R. S.
2. This right of mortgagee passes to the purchaser at a foreclosure sale.
3. Plaintiff's right of possession of the land in dispute in this suit *held* to be *res adjudicata* by a decision on a former appeal (21 Wis. 331), the former judgment against him having been reversed on the ground that his title was good on the facts then in evidence, and no new and material facts having been shown in the second trial.

APPEAL from the Circuit Court for *Dane* County.

Ejectment. After the decision of this court upon a former appeal (21 Wis. 331), and after the cause had been remitted for a new trial, the venue was changed to Dane county. The facts proven will sufficiently appear from the former report. The following instructions, successively asked by the defendants, were refused: 1. "If the land was actually in the possession of the defendants, or either of them, at the date of the deed from George W. Wright to the plaintiff, and if defendants, or either of them, claimed such possession under title adverse to the title of said George W. Wright, then such deed from said George W. to the plaintiff was void." 2. "If the possession of the undivided three-fourths of the land was actually in the defendants claiming under adverse title to *the tax deed* of George W. Wright, at the date of the conveyance from him to the plaintiff, then such conveyance was void as to such undivided three-fourths." At defendants' request the court instructed the jury that *Mrs. Sperry* was not estopped by her covenants in the mortgages from acquiring a subsequent title to such portions as she did not own when the mortgages were

executed, and holding it to her own benefit, as against the plaintiff. The court further instructed the jury, that if, at the commencement of this action, defendants were in possession of the land described in the complaint, or any separate part thereof, and had remained in possession since that time, they should find in plaintiff's favor for the whole land, or such separate part thereof.

Verdict for the plaintiff as to the undivided three-fourths claimed by *Mrs. Sperry;* new trial denied; and from a judgment on the verdict defendants appealed.

*M. M. Cothren* and *Wm. F. & H. Vilas,* for appellants, contended that the conveyance from George W. Wright to the plaintiff was void as to *Mrs. Sperry,* by sec. 7, ch. 86, R. S., because at the time the land was actually possessed by her claiming under title adverse to that of Geo. W. Wright, and that this point should not be considered as adjudicated against the defendants upon the decision of the former appeal, because it does not appear to have been discussed by counsel or considered by the court.

*P. A. Orton, Jr.,* and *W. E. Carter,* for respondent, argued that the statute which declares void a grant of land in the actual possession of a person claiming under title adverse to that of the grantor, has never been construed to prevent the party in possession from purchasing an outstanding title adverse to him. *Jackson v. Gwin,* 8 Johns. 139; 13 id. 406. After the plaintiff purchased at the foreclosure sale, he was entitled to a writ of assistance to oust the defendants: they were his tenants at sufferance, and their possession was his possession. The possession of a mortgagor is the possession of the mortgagee. 1 Hilliard on Mort. 160, 164, 166, 198; 1 Smith's L. C. 401; *Colton v. Smith,* 11 Pick. 314; *Perkins v. Pitts,* 11 Mass. 129; *Jackson v. Hoffman,* 9 Cow. 271. A judgment debtor in possession of lands sold upon the judgment, becomes *quasi* tenant of the purchaser, and cannot deny his title or right to possession. *Jackson v. Graham,* 3 Caine, 188; *Jackson v. Bush,* 10 Johns.

223 ; *Jackson v. Collins*, 3 Cow. 94 ; *Bunker v. Rand*, 19 Wis. 253.

[The arguments of counsel upon other questions became unimportant in consequence of the view taken by the court.]

DIXON, C. J. The title of the plaintiff, and his right of possession of the land in question under the tax deed to George W. Wright, is *res adjudicata* by the former decision of this court ; and that renders all other questions immaterial. *Wright v. Sperry*, 21 Wis. 331. After discussing the question of tenancy in common between the plaintiff and defendants, and showing that no such tenancy existed, and that the plaintiff might lawfully claim title to the whole premises by virtue of that deed, the opinion proceeds as follows : "There is no other objection to the tax deed or title which we deem plausible, or such as to require further consideration. For aught that now appears, the grantee in that deed thereby acquired title to the entire premises." In this opinion, delivered by Justice DOWNER, Justice COLE concurred. It was so understood at the time, and such is the fair interpretation of the note appended by Justice COLE to the opinion. He expressed no opinion upon the first, but concurred with Justice DOWNER on the second and third points discussed in the opinion. It is obvious that this was so, from the fact that the judgment was reversed, a conclusion which could not have been arrived at except by holding that the plaintiff had shown a valid title under the tax deed. Now the facts with respect to this title are the same now as on the former trial, and, by a well-settled and most undoubted principle, that adjudication, whether right or wrong, binds the court in this case, and is conclusive upon the parties.

The only question respecting this title, not discussed in the former opinion, though concluded by the adjudication, is as to whether the defendants were to be regarded

as parties in possession claiming under title adverse to that of the grantor, so as to avoid the conveyance from George W. Wright to the plaintiff, within the meaning of the statute. R. S., ch. 86, § 7. Speaking upon the point of tenancy in common, the opinion contains the following allusion to the question of possession: "The purchaser at the foreclosure sale had the right of immediate possession of all the premises, and might have had a writ of assistance to put him in possession; and if he had taken actual possession, it would have been adverse to the co-tenants, who afterward conveyed to *Mrs. Sperry*. Perhaps we ought to hold that the possession of *Sperry and wife*, after the confirmation of the sale, was the possession of such purchaser as to the whole of the land." If this question were still open, we should have little difficulty in disposing of it upon the principle here stated. The relation of tenure existing between the mortgagor and mortgagee, the former holding of the latter, is such that the law will not admit the former to dispute the title of the latter. "Between the mortgagor and mortgagee, so long as the latter does not treat the former as a trespasser, the possession of the mortgagor is not hostile to, or inconsistent with, the mortgagee's right. The possession of the mortgagor is, to this extent, the possession of the mortgagee." 2 Washb. on Real Prop. (3d ed.) 158; *Avery v. Judd*, 21 Wis. 264, 265. And generally it may be said, that the possession of the mortgagor is so far that of the mortgagee that he cannot disseize him. And it has been held that a mortgagee may purchase in an outstanding prior judgment title, and hold it as being paramount to his mortgage title. *Waltholl's Ex'rs v. Rives*, 34 Ala. 96; Washb. on Real Prop. 160. It would certainly be very strange if a mortgagee could not purchase in outstanding titles and liens for his own protection. Such being the relation between mortgagor and mortgagee before foreclosure and sale, the same relation extends to the purchaser at such sale, and

his assigns, after conveyance and confirmation, and until he or they have been put into possession in pursuance of the decree. The possession of the mortgagor still in, is the possession of such purchaser and those holding under him, and for the purpose of applying the provisions of the statute under consideration it must so have been held.

*By the Court.*—Judgment affirmed.