*J. McCabe*, for appellant.

———————●———————

HAMRICK *v.* THE DANVILLE AND NORTH SALEM GRAVEL
ROAD COMPANY.

PLEADING.—*Complaint.*—*Turnpike.*—Where, in an action on a subscription of
  stock to a gravel road company, the complaint alleges all the facts material,
  under the statute, of the organization of the company and subscriptions of
  stock, it is not insufficient because the copy of the articles of association filed
  with it shows only the name and amount subscribed by the defendant.

ASSIGNMENT OF ERROR.—An assignment of error, that the judgment should
  have been for the defendant instead of for the plaintiff is too general.

PRACTICE.—*Judgment.*—*Change of Venue.*—On change of venue, one court
  sent a cause to another, which improperly struck it from the docket, with costs
  against the plaintiff, remanding the cause to the former court; and thereupon
  the former court tried the cause, and upon appeal the Supreme Court reversed
  the judgment and ordered the cause back to the court to which the venue had
  been changed, for trial;

*Held*, that under said reversal and order, the said judgment for costs against the
  plaintiff was reversed, and a motion to tax said costs against him by reason
  of said judgment was correctly overruled.

*Held*, also, that a demurrer to an answer setting up said judgment striking the
  cause from the docket and for costs against plaintiff was correctly sustained.

APPEAL from the Putnam Common Pleas.

DOWNEY, J.—This was an action brought by the appellee
against the appellant, to recover the amount of a subscrip-
tion made by him to the capital stock of the company on
its articles of association. The answer first filed need not
be noticed. On the application of the defendant, the venue
in the case was changed from the Hendricks Common Pleas,
where the action was commenced, to the Putnam Common
Pleas. The Putnam Common Pleas struck the cause from
its docket, and remanded it to the Hendricks Common Pleas,
on its own motion, and rendered judgment for costs, amount-
ing to seventeen dollars and seventy cents, against the ap-

Hamrick *v.* The Danville and North Salem Gravel Road Company.

pellant.   From this order the defendant appealed to this court; but it was held, that no appeal therefrom would lie. 30 Ind. 147.   On the return of the cause to the Hendricks Common Pleas, there was judgment in favor of the plaintiff, from which the defendant again appealed to this court; and it was then held, that the action of the Putnam Common Pleas, in returning the cause to the Hendricks Common Pleas, was erroneous, and the judgment and proceedings, back to and including the action of the court in striking the cause from its docket, were reversed, and the cause was remanded, with directions to the Hendricks Common Pleas to send a transcript of its proceedings, with the papers of the cause, to the Putnam Common Pleas, and that the latter court proceed with the cause.   32 Ind. 347.

When the parties again appeared in the Putnam Common Pleas, the defendant moved the court to strike the cause from the docket, for the reason that the cause had been previously stricken from the docket, and judgment for costs rendered against the defendant, and that therefore the court had no jurisdiction of the cause.   This motion was overruled by the court, and the defendant excepted.   The defendant then withdrew his former answer and pleaded a substituted answer, in which he set up the same matter, in substance, as is contained in the said motion.   The plaintiff demurred to this answer, on the ground that it did not state facts sufficient to constitute a defence to the action; the demurrer was sustained, and the defendant excepted.   The defendant declining to amend his answer, the damages were assessed by the court, and final judgment was rendered for the plaintiff.   The defendant then moved the court to tax against the plaintiff all the costs which accrued in said cause in the Putnam Common Pleas, up to and including the order of the said court striking the cause from the docket of that court, amounting to the sum of seventeen dollars and seventy cents.   This motion was also overruled, and the defendant again excepted.

The errors assigned are the following: first, the insuffi-

ciency of the complaint; second, that the judgment should have been for the defendant, instead of being for the plaintiff; third, the overruling of the motion to strike the cause from the docket; fourth, sustaining the demurrer to the substituted answer; fifth, overruling the motion to tax the costs in the Putnam Common Pleas, prior to striking the cause from the docket, to the plaintiff; sixth, that the Putnam Common Pleas had no jurisdiction to render judgment in said cause.

The objection to the complaint relied upon in the brief is, that the copy of the articles of association filed with it shows a want of compliance with the statute, 1 G. & H. 474, sec. 1, because the names and amounts subscribed by others than the defendant are not appended to the copy filed, and it does not, therefore, appear that his name and the amount subscribed by him are not the only name and amount subscribed to the articles of association.

The complaint alleges that the articles of association had been subscribed by divers persons, among whom is the defendant; that more than five hundred dollars per mile of the contemplated road had been subscribed; that a copy of the articles of association had been duly and legally recorded in the office of the recorder of the county, a board of directors duly elected, the making of calls for the amounts subscribed, and the giving of due and legal notice thereof by publication, etc.

We think the objection urged against the complaint is not well founded.

There is a question here, which counsel do not make, and we mention it only as one of interest, and that is, whether the appellant can go behind the error for which the former judgment was reversed, in the assignment of errors on this appeal. If not, then the question as to the sufficiency of the complaint, which might have been raised on the former appeal, and which lies back of the point in the history of the cause to which it was before reversed, could not now be presented. But if it should not be allowed to be presented

on the second or subsequent appeal, how is the objection to be made? Must the former adjudication in this court be pleaded to the assignment of error? or does the question arise upon the record, where it shows, as the record in this case does, the former appeals and rulings?

The second assignment of error is too general. Such an assignment presents no question to this court. The assignment must specifically point out the error of which complaint is made. *Ruffing* v. *Tilton*, 12 Ind. 259; *Gallettley* v. *Barrackman*, 12 Ind. 379, and cases cited.

We are unable to see any error in overruling the motion to strike the case from the docket of the Putnam Common Pleas, or in sustaining the demurrer to the substituted answer, setting up the same facts. This court had ordered the cause to be sent to that court, where it was improperly stricken from the docket at a previous term. The court had jurisdiction of the subject-matter and of the parties.

There was no error in overruling the motion to tax the costs to the plaintiff which had accrued in the Putnam Common Pleas up to the time when the order was made striking the cause from the docket. The reversal of that order or judgment carried the costs against the plaintiff in the action from the making of the erroneous order, including the costs of such order. When the cause was again taken up in the lower court, it progressed from the point at which the error was committed; and the costs which had accrued up to that point in the case should abide the result of the action.

There is no ground for the sixth assignment of error. The court had full and complete jurisdiction of the cause.

The judgment is affirmed, with ten per cent. damages and costs. *

*C. C. Nave* and *C. A. Nave,* for appellant.

*L. M. Campbell,* for appellee.

*Petition for a rehearing overruled.