## DODGE *v.* GAYLORD ET AL.

SUPREME COURT.—*Second Appeal.*—If a cause be appealed to the Supreme Court, and by that court the judgment be reversed, and the cause be remanded to the court below for a new trial, and a second appeal be taken, it brings up for review and decision nothing but the proceedings subsequent to the reversal; none of the questions which were before the court and decided on the first appeal can be reheard or re-examined upon the second appeal.

SAME.—*Second Trial on Same Facts.*—*Law of the Case.*—The decision of the Supreme Court, rendered upon a given state of facts, becomes the law of the case as applicable to such facts; and if the cause be remanded for a new trial, the parties have the right to introduce new evidence and establish a new state of facts; and when this is done, said decision ceases to be the law of the case, and the court, in the trial of such case, is not conclusively bound by such decision, but should apply the law applicable to the new and changed state of facts; but if such cause be submitted to the court or jury for a re-trial upon the same identical facts on which said decision was rendered, such decision remains the law of the case, and the trial court must apply the law as laid down by the appellate court to the facts so submitted to the court or jury.

| | |
|---|---|
| 53 | 365 |
| 130 | 17 |
| 53 | 365 |
| 133 | 510 |
| 53 | 365 |
| 134 | 273 |
| 134 | 622 |
| 136 | 383 |
| 53 | 365 |
| 137 | 211 |
| 53 | 365 |
| 146 | 313 |
| 53 | 365 |
| 164 | 371 |
| 53 | 365 |
| 165 | 359 |
| 53 | 365 |
| 170 | 259 |
| 170 | 260 |

INSTRUCTION TO JURY.—*Directing Verdict.*—Where, upon the trial of an action by a jury, there is no evidence submitted to the jury which shows a cause of action in the plaintiff, it is the duty of the court to direct the jury to find for the defendant.

From the Tippecanoe Circuit Court.

*Z. Baird,* *W. C. Wilson* and *J. A. Stein,* for appellant.

*R. Jones,* *S. A. Huff,* *B. W. Langdon* and *R. P. Ranney,* for appellees.

BUSKIRK, J.—In this case there was a former trial, in which there was a verdict and judgment in favor of the appellant, from which an appeal was prosecuted by the appellees, and the judgment was reversed by this court, and the cause was remanded for another trial. The judgment was reversed upon the evidence then in the record, upon the ground that upon the facts proved the appellant was not entitled to recover. The case is reported in 31 Ind. 41, as *Gaylord et al.* v. *Dodge,* to which reference is made for a statement of the facts and questions involved and decided.

The case was again tried in the court below, by a jury, upon the same issues, and upon the evidence as embodied in the bill of exceptions in the record upon the former appeal, no other or different evidence being introduced upon the second trial. Both of the bills of exceptions are in the present record, and upon a comparison of them it is made to appear that the evidence given upon the last trial is identically the same as that given upon the first trial.

It is very earnestly contended by counsel for appellees, that no question is presented by the record, for decision, for the reason that every question of law arising in the present record was involved, considered and decided by this court, when the case was formerly here; and that, as it is the same case, between the same parties, upon the same issues, and supported by the same evidence, the principles of law announced by this court upon the former hearing have become the law of the case, and that this court is conclusively bound to apply to the case, in all of its stages, the principles then decided.

It is quite obvious that if, when this cause was remanded for another trial, the issues had been changed, and new and additional evidence had been introduced upon the second trial, the principles of law formerly decided would have ceased to be the law of the case, and we would now be required to declare the law applicable to the new state of facts. It is equally plain that if any error was committed by the court upon the second trial, other than in applying to the same facts the principles of law formerly decided in this case, it will be reviewable upon the present appeal, and for such error the judgment may be reversed. But it is not pretended that such is the case. This court held and decided that, upon the facts in the record, the appellant had no right of action, and remanded the cause for another trial. If the facts had been agreed upon or found specially by the court or jury, this court would doubtlessly have remanded the cause with directions to the court below to render judgment for the appellees, but, such not being the case, the court could only remand the cause for a new trial. Buskirk Prac. 334.

Upon the second trial, the appellant had the clear and undoubted right to establish a different state of facts, and had this been done, the question under examination could not have arisen. The question is, therefore, squarely presented, whether the appellant can in this manner obtain a review and reversal of the former judgment of this court. As has been seen, the only question involved and decided upon the former appeal was, whether, upon the facts proved, the appellant was entitled to one-third of the real estate described in the complaint; and this court held she was not, reversed the judgment, and remanded the cause " for a new trial and for further proceedings in accordance with this opinion." The cause was submitted to the jury on the second trial upon identically the same facts, and the court instructed the jury that, " under the evidence produced on the trial of this cause, you must find for the defendant;" and the jury so found. It was the solemn and imperative duty of

the court below to carry out in good faith the decision and instructions of this court. *Julian* v. *Beal*, 34 Ind. 371; *Martin* v. *Hunter's Lessee*, 1 Wheat. 304; *Skillern's Ex'rs* v. *May's Ex'rs*, 6 Cranch, 267; *Ex parte Story*, 12 Pet. 339; *Ex parte Dubuque & Pacific R. R.*, 1 Wal. 69; *Milwaukie, etc., R. R. Co.* v. *Soutter*, 2 Wal. 510.

This court had decided upon the facts that the appellant had no cause of action, and had commanded the court below to try the cause in accordance with the opinion then announced. The court below had no power to do anything but to say to the jury that, in accordance with the decision of the Supreme Court, you must, upon the facts, find for the defendants. If the court below had instructed the jury otherwise than it did, it would have disobeyed the mandate of this court and set at defiance the principles of law laid down by this court. The court below could not commit an error in simply carrying out the mandate of this court. The appellant might with as much propriety assign for error on the present appeal, that this court had erred in the opinion announced and judgment rendered upon the first appeal, as to ask us to reverse the judgment upon the ground that the court below had erred in carrying out the mandate of this court. This is, in effect, an appeal from the decision rendered by this court, as constituted when the first decision was rendered, to the court as at present constituted.

We think the following propositions of law are settled by the adjudged cases:

1. When the rights of parties have been decided by a court of last resort, the decision so rendered becomes the law of the case, and if the same question should arise between the same parties, or those claiming under them, in a subsequent action, the decision first rendered is conclusively binding upon the court, though it should doubt the correctness of such decision; for it possesses no power to reverse the former decision. The doctrine of the law of the case is only applicable to the parties or their privies, upon the same cause of action.

Dodge *v.* Gaylord *et al.*

2. So it is settled, that if a cause be appealed to the Supreme Court, and the judgment be reversed, and the cause remanded to the court below for a new trial, and a second appeal be taken, it brings up for review and decision nothing but the proceedings subsequent to the reversal; none of the questions which were before the court and decided on the first appeal can be reheard or re-examined upon the second appeal.

3. It is also settled, that the decision of the Supreme Court, rendered upon a given state of facts, becomes the law of the case as applicable to such facts, and if the cause be remanded for a new trial, the parties have the right to introduce new evidence and establish a new state of facts; and when this is done, the decision of the Supreme Court ceases to be the law of the case, and the court in the trial of such case is not conclusively bound by such decision, but should apply the law applicable to the new and changed state of facts; but if such cause be submitted to the court or jury for a re-trial upon the same identical facts upon which the decision was rendered, such decision remains the law of the case, and the trial court must apply the law as laid down by the appellate court to the facts submitted to the court or jury.

The question has frequently arisen and been decided by the Supreme Court of the United States. *Himely* v. *Rose,* 5 Cranch, 313; *Martin* v. *Hunter's Lessee,* 1 Wheat. 304; *The Santa Maria,* 10 Wheat. 431; *Browder* v. *M'Arthur,* 7 Wheat. 58; *American Ins. Co.* v. *Canter,* 1 Pet. 511; *Ex parte Sibbald* v. *The United States,* 12 Pet. 488; *The Bank, etc.,* v. *Beverly,* 1 How. U. S. 134; *Washington Bridge Co.* v. *Stewart,* 3 How. U. S. 413; *Corning* v. *Troy, etc., Factory,* 15 How. U. S. 451; *Sizer* v. *Many,* 16 How. U. S. 98; *Roberts* v. *Cooper,* 20 How. U. S. 467.

In *Corning* v. *Troy, etc., Factory, supra,* the court say:

"It is plain, therefore, that, under the guise of an appeal from the decree of the Circuit Court, this is an appeal, in

fact, from the decision of this court. For there is no other
decree existing in the case except the decree of this court.
There must be an end of litigation sometime. To allow a
second appeal to a court of last resort, on the same questions
which were open to dispute on the first, would lead to end-
less litigation." Again: "A second appeal lies only when the
court below, in carrying out the mandate of this court, is
alleged to have committed an error. But, on an appeal from
the mandate, it is well settled, that nothing is before the
court but the proceedings subsequent to the mandate. What-
ever was formerly before the court, and was disposed of by
its decree, is considered as finally disposed of."

In *Sizer* v. *Many, supra*, TANEY, C. J., on page 103,
says:

"It has been settled, by the decisions of this court, that
after a case has been brought here and decided, and a man-
date issued to the court below, if a second writ of error is
sued out, it brings up for revision nothing but the proceed-
ings subsequent to the mandate. None of the questions
which were before the court on the first writ of error can be
reheard or re-examined upon the second."

In *Roberts* v. *Cooper, supra*, the court say:

"On a writ of error to this court, the judgment of the
court below was reversed, and the record remitted for fur-
ther proceedings, in pursuance of the judgment of this court.
The report of the case in 18 Howard, 173, exhibits a full
statement of the facts, and of the questions of law arising
thereon, as decided by the court, which it is unnecessary
to recapitulate. On the last trial, the circuit court was
requested to give instructions to the jury contrary to the
principles established by this court on the first trial, and
nearly all the exceptions now urged against the charge are
founded on such refusal. But we cannot be compelled
on a second writ of error in the same case to review our
own decision on the first. It has been settled by the decis-
ions of this court, that after a case has been brought here
and decided, and a mandate issued to the court below, if a

second writ of error is sued out, it brings up for revision nothing but the proceedings subsequent to the mandate. None of the questions which were before the court on the first writ of error can be reheard or examined upon the second.    To allow a second writ of error or appeal to a court of last resort on the same questions which were open to dispute on the first, would lead to endless litigation.    In chancery, a bill of review is sometimes allowed on petition to the court; but there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions, or speculate of chances from changes in its members."

The question has been under examination in many cases in the State of Maryland, and the principles hereinbefore announced have been fully endorsed.    In *Cumberland Coal and Iron Co.* v. *Sherman*, 20 Md. 117, the court, on page 130, say:

"The most prominent and material features of this case have been elaborately argued and deliberately considered in the decision of the case of *The Hoffman Steam Coal Company of Allegany County* v. *The Cumberland Coal & Iron Company*, tried before this court at June term, 1860.    A synopsis of the pleadings and points then presented, and the opinions of the court, will be found in 16 Md. 456.    The parties are the same, but their position is now reversed. The former appeal was taken by the present appellees from the order of the judge of the Circuit Court for Allegany County, passed after answers filed and testimony taken by the parties, under the act of 1835, refusing to dissolve and continuing the injunction before granted by him.    This court affirmed the orders of the court below, and continued the injunction until final hearing.

"The cause being remanded for further proceedings, commissions were issued, further testimony taken, and, on final hearing, the same learned judge who granted and continued the injunction dissolved the same and dismissed the bill. From which decree the present appeal is taken.

"The · cause being heard originally on testimony taken under the act of 1835, a large proportion of the evidence now in the record has already been reviewed and considered by our predecessors.    It devolves upon us to determine how far the former testimony has been qualified by the latter, whether there is such a material change in the aspect of the case, as to oblige us to depart from the decision previously pronounced.

"The law, as applied to the facts there developed, is expounded with  great force in the opinion of our late brother, the Chief Justice.    Much of the labor which the magnitude of the interests and record seemed to impose has already been performed; our duty being ·to observe that cardinal maxim of justice and jurisprudence, that the court should adhere to its own decisions in the same cause and between the same parties.

"'Where, upon appeal, the appellate court decides a question presented by the record, and the cause is remanded, the decision is binding both upon the court below and the appellate court, and cannot be reversed upon a second appeal.' *Emory & Garret* v. *Owings et al.*, 3 Md. Rep. 178; *Preston* v. *Leighton*, 6 Md. Rep.  88; *Hammond's Lessee* v. *Inloes*, 4 Md. Rep. 138; *Eyler & Matthews* v. *Hoover, Ex'r of Crabbs*, 8 Md. Rep. 1; *Mong* v. *Bell*, 7 Gill, 246; *Brown* v. *Sumerville*, 8 Md. Rep. 444."

The question under examination has been passed upon several times in the State of California, where the principles hereinbefore stated were fully approved.  *Dewey* v. *Gray*, 2 Cal. 374; *Clary* v. *Hoagland*, 6 Cal. 685; *Gunter* v. *Laffan*, 7 Cal. 588; *Soule* v. *Ritter*, 20 Cal. 522; *Leese* v. *Clark*, 20 Cal. 387; *Phelan* v. *San Francisco*, 20 Cal. 39; *Trinity County* v. *McCammon*, 25 Cal. 117; *Lucas* v. *San Francisco*, 28 Cal. 591; *Mitchell* v. *Davis*, 23 Cal. 381; *Estate of Pacheco*, 29 Cal. 224.

In *Clary* v. *Hoagland, supra,* it is said:  "It is well settled, that when a case has been once taken to an appellate court, and its judgment obtained on points of law involved,

Dodge *v.* Gaylord *et al.*

such judgment, however erroneous, becomes the law of the case, and cannot on a second appeal be altered or changed."

In *Mitchell* v. *Davis, supra,* the court say: "It is urged that the previous decision upon this point has become the law of the case, and conclusive upon the parties; and numerous decisions of this court are referred to. An examination of those cases will show, however, that they apply only to principles of law announced in a case, and not to mere questions of fact which may have been passed upon. For instance, it was held in this case, on the previous appeal, as a question of fact, that the evidence showed that the possession of the plaintiff was as the agent of Storer, and not by any right in himself; and it was further held as a principle of law, founded upon this fact, that the possession of the agent was the possession of his principal for the purpose of this action, and therefore the action should have been in the name of the principal. The determination of this principle has become the law of the case; but the question of fact, whether or not the plaintiff was the agent of Storer, is liable to be changed by further evidence showing the true and a different state of facts; and the action of this court upon this question of fact does not operate as a bar or estoppel upon the plaintiff from showing the true facts of the case. If no further evidence had been introduced by the plaintiff on the second trial upon this point, there might have been some grounds for saying that the question had been put at rest by the former adjudication. The judgment of this court was, that the case be remanded for a new trial; at which new trial the plaintiff had a clear right to introduce any evidence relevant to the issues to be tried."

The question under examination has received very careful and elaborate consideration by the Supreme Court of Wisconsin, in a large number of cases, and the ruling has been firm and uniform, and has been to the effect that the decision of the Supreme Court, though erroneous, was conclusively binding upon the parties and the court upon a second appeal; that while the doctrine of such case might be reconsidered

and overruled in another case, it could not be varied or departed from in the same case. *Parker* v. *Pomeroy,* 2 Wis. 112; *Downer* v. *Cross,* 2 Wis. 371; *Cole* v. *Clarke,* 3 Wis. 323; *Ryan* v. *Martin,* 18 Wis. 672; *Pierce* v. *Kneeland,* 9 Wis. 23; *Reed* v. *Jones,* 15 Wis. 40; *Akerly* v. *Vilas,* 24 Wis. 165; *Wright* v. *Sperry,* 25 Wis. 617; *Noonan* v. *Orton,* 27 Wis. 300; *McLeod* v. *Bertschy,* 34 Wis. 244; *DuPont* v. *Davis,* 35 Wis. 631.

The same doctrine has been maintained in Massachusetts. *Adams* v. *Pearson,* 7 Pick. 341; *Booth* v. *Commonwealth,* 7 Met. 285.

In the last case, Mr. Chief Justice SHAW, speaking for the court, says:

" In this case, the court are of.opinion that the writ of error must be quashed. It appears a former writ of error was brought on this same judgment, and upon the plea of *in nullo est erratum* the judgment was affirmed. On such a plea, any error apparent on the record may be assigned, and the entire validity and legal correctness of the judgment are open, and of course were decided. Upon the principle of *res judicata,* the plaintiff in error is now estopped from denying that the supposed error, now insisted on, was not considered and adjudged against him by the affirmance of the judgment.

" Authorities have been cited to show that a second writ of error has been maintained, where the former decision did not embrace the whole merits of the case. *Hopkins* v. *Commonwealth,* 3 Met. 460; *Wilde* v. *Commonwealth,* 2 Met. 408. No doubt, where the error arises from matter subsequent to the former decision, and which did not then exist, a new writ of error may be brought, and such new matter be assigned for error. Such was the case of *Hopkins* v. *Commonwealth.*"

There are three cases in the State of Kentucky holding in accordance with the cases previously cited. *Craig* v. *Bagby,* 1 T. B. Mon. 148; *Tribble* v. *Frame,* 3 T. B. Mon. 51; *Moss* v. *Rowland,* 3 Bush, 505.

We find two cases in Pennsylvania holding the same doctrine. *Groff* v. *Groff*, 14 S. & R. 181; *Gratz* v. *Lancaster Bank*, 17 S. & R. 278.

The same doctrine has been uniformly held in New York. *Simpson* v. *Hart*, 1 Johns. Ch. 91; *Gelston* v. *Codwise*, 1 Johns. Ch. 195; *Perine* v. *Dunn*, 4 Johns. Ch. 140; *Wilcox* v. *Hawley*, 31 N. Y. 648.

It has been so held in Connecticut. *Goodrich* v. *Thompson*, 4 Day, 215; *Nichols* v. *Bridgeport*, 27 Conn. 459.

In Missouri the same principle has been announced in a well considered case. *Chambers' Adm'r* v. *Smith's Adm'r*, 30 Mo. 156.

There are three well considered cases in Alabama maintaining the same doctrine. *Jesse* v. *Cater*, 28 Ala. 475; *Maulden* v. *Armistead*, 30 Ala. 480; *Goodman* v. *Walker*, 30 Ala. 482.

In *Hollowbush* v. *McConnel*, 12 Ill. 203, the court say:

"Both these questions were substantially settled when the case was here before. The first one was the very point then decided, and the court has now no power, if it had the inclination, to reverse that decision. There is no mode provided by law, except it be upon a rehearing, whereby the final decision of a case in this court can be reversed or set aside at a subsequent term.

"There must be an end of litigation somewhere, and there would be none if parties were at liberty, after a case had received the final determination of the court of last resort, to litigate the same matter anew, and bring it again and again before the court for its decision. *Washington Bridge* v. *Stewart*, 3 Howard, 413; *Booth* v. *Commonwealth*, 7 Met. 285."

In *Kingsbury* v. *Buckner*, reported in the Chicago Legal News of June 7th, 1873, the Supreme Court of Illinois say:

"Upon the former hearing, after full argument, this court decided that Henry W. Kingsbury held the property conveyed by the deed from Mrs. Buckner and her husband to him as trustee. * * * * The cause was remanded to

ascertain her share, and not to determine the trust. The latter had been established by the declaration of this court. This appeal is prosecuted from the decree making partition, and can bring before us no other question except questions incident to the order of partition. We cannot examine as to the merits of the original case, but only as to proceedings subsequent to the decision on the former hearing. * * * This is the doctrine of the courts, as definitely settled by repeated decisions."

The law is firmly settled in this State in accordance with the general current of the adjudged cases hereinbefore cited. The great length of this opinion renders a review of them improper. We content ourselves with citing them.

*Hobson* v. *Doe*, 4 Blackf. 487; *Cox* v. *Pruitt*, 25 Ind. 90; *Welch* v. *Bennett*, 39 Ind. 136; *Hamrick* v. *The Danville*, *etc.*, *Co.*, 41 Ind. 170; *Hawley* v. *Smith*, 45 Ind. 183.

We have found no cases holding the opposite doctrine.

Counsel for appellant, in his brief, says:

"We have already seen that, on a second appeal or writ of error, the court of last resort will only consider the propriety of the proceedings and judgment of the court below occurring after its decision on the first appeal. In this case the principal cause of error, the imperative instruction of the jury to find for the defendant, was not before this court on the first appeal."

In our judgment, the concession contained in the foregoing extract is fatal to the appellant, for if we can only consider upon this appeal the propriety of the proceedings and judgment of the court below occurring after our decision on the first appeal, there is nothing for us to decide. The court below simply carried out the mandate of this court. In the first decision rendered by this court, it was laid down as law, that upon the facts in the record the appellant was not entitled to recover. The cause was again submitted to the jury upon the same identical facts. This is expressly admitted by the learned counsel for appellant. As the facts

remained the same, the law applicable to such facts remained the same.

It only remains to inquire whether the court below erred in directing the jury to find for the defendants. In *Cutler* v. *Hurlbut*, 29 Wis. 152, the right of the court to direct the jury to find for the defendants was involved and very fully considered. There the court refused certain written requests to charge, asked by the plaintiff, and then directed the jury to return a verdict for the defendant. In speaking of such direction, the court say:

"The court below, refusing all requests to instruct or to submit anything to the jury, on the part of the plaintiff, peremptorily directed them to return a verdict for the defendants. If the court had this power at all, or if it was admissible or competent under any circumstances so to direct a verdict, then it is obvious that the verdict so returned must stand until the defeated party shows that there was error or some mistake of law or of fact in the direction. The practice of thus directing verdicts, especially in actions of this nature, which is ejectment, is familiar to the profession in this State. It is a thing which has been often done in our courts, and an examination of the books will show that it is a practice, the correctness of which is well settled and recognized in the courts elsewhere. It seems at one time to have been considered a matter of some doubt whether the courts could direct a non-suit after evidence given in behalf of the defendant, but it is now well settled that this can be done. *Davis* v. *Hardy*, 6 Barn. & Cress. 225; *Fort* v. *Collins*, 21 Wend. 109; *Jansen* v. *Acker*, 23 Wend. 480; *Rudd* v. *Davis*, 3 Hill, 387. In the last named case the court observed:

"'It is said, that to warrant a non-suit on his own evidence, after a plaintiff has made out a *prima facie* case, the evidence must be conclusive in its character—a record, for instance, or something amounting to absolute verity, so as to present a mere question of law. We do not understand this to be the rule. It is enough that a verdict for the

plaintiff would be against the clear weight and effect of the
defensive evidence, whatever may be its character.' But
the practice, which is similar in its nature, of directing a
verdict in proper cases, when the evidence is all in, in favor
of the party who may be entitled to it, seems never to have
been questioned. *Saville* v. *Lord Farnham*, 2 Mann. &
Ryl. 216; *Nichols* v. *Goldsmith*, 7 Wend. 160; *Dryden* v.
*Britton*, 19 Wis. 22; *Grand Trunk Railway Co.* v. *Nichol*,
18 Mich. 170; *Hynds* v. *Hays*, 25 Ind. 31; *Callahan* v.
*Warne*, 40 Mo. 131; *Singleton* v. *Pacific Railroad*, 41 Mo.
465; *Smith* v. *Hann. & St. J. R. R. Co.*, 37 Mo. 287; *Ste-
phens* v. *Brooks*, 2 Bush, 137. And I find it stated in a
work of respectable authority (3 Gra. & Wat. on New Trials,
1214, note 2), that in the English courts the judge is con-
stantly in the habit of directing a verdict of the jury, which
is taken and entered by the clerk as a matter of course;
unless the jury object. And in *Davis* v. *Russell*, 5 Bing.
354, GASELEE, J., said: 'I was requested to non-suit the
plaintiff. I could not do so upon the plaintiff's case, though
in similar cases, I have occasionally done so, after hearing
the defendant's case; but when there is any doubt as to the
facts, they must be found by the jury.' See, also, the
remarks of MARCY, J., in *Demger* v. *Sanger*, 6 Wend. 438,
and the case of *Dunham* v. *Baxter*, 4 Mass. 79.

"It being thus established that it is competent, and that
the court may in a proper case rightfully thus direct a ver-
dict, it seems to follow as a matter of course that such ver-
dict cannot be set aside, or the judgment reversed on error,
unless the plaintiff in error or appellant is prepared to show
and does show by the record that such direction was wrong,
or that the case was not a proper one for the court so to
direct the jury. If, in any case, it be competent or proper
for the court to give the direction, then the presumption
must be that the direction was correctly given, or that there
was no error on the part of the court in giving it in the par-
ticular case, until the contrary be shown. The instances of

Dodge *v.* Gaylord *et al.*

the application of the maxim, *omnia præsumuntur rite acta,* to questions of this kind are numberless in the books, and no one would attempt to collect or cite them.    It is a maxim which governs as to all judicial proceedings and records in courts of general jurisdiction, and, as remarked by the court in *Peebles* v. *Rand,* 43 N. H. 340, 'It can never be enough to show that there *may be* an error in their proceedings. The party who brings a writ of error is bound to show that it *exists* by proper averments.'"

In *Hynds* v. *Hays,* 25 Ind. 31, the rule is stated thus:

"The court also instructed the jury that there was no evidence before them that the consideration of that bill was unlawful currency.   This instruction was proper to be given, if no such evidence had been admitted.   Where there is no evidence, whatever, to maintain an issue, it is the duty of the court so to inform the jury.   This is not usurping the province of the jury."

To the same effect are the following cases:

*The Governor* v. *Shelby,* 2 Blackf. 26; *Nixon* v. *Brown,* 4 Blackf. 157; *Crookshank* v. *Kellogg,* 8 Blackf. 256; *State Bank* v. *Hayes,* 3 Ind. 400; *The Lawrenceburgh, etc., Co.* v. *Montgomery,* 7 Ind. 474; *Bray* v. *Pearsoll,* 12 Ind. 334; *Devol* v. *Halstead,* 16 Ind. 287; *Porter* v. *Millard,* 18 Ind. 502; *Steinmetz* v. *Wingate,* 42 Ind. 574.

According to the principles of law declared by this court in the first appeal in this case, there was no evidence submitted to the jury upon the second trial which showed any cause of action in the plaintiff.   It was, therefore, the duty of the court below to direct the jury to find for the defendants.

There was no error committed by the court below.

The judgment is affirmed, with costs.