MICHIGAN MUT. L. INS. CO. v. ABNER L. WHITTAKER, ADMR.

**1. VERDICT CONSTRUED IN CONNECTION WITH THE RECORDS.**

There being two causes of actions set out in a petition and issues being joined upon each, a verdict in such form as not to advise the court of the findings on the separate causes, though irregular, will not be set aside, when the meaning of the jury is clear when read in connection with the pleadings.

[For other cases in point, see 7 Cyc. Dig., "Trial," §§ 687-789.—Ed.]

**2. FORMER HOLDING ON SAME FACT IS RES ADJUDICATA.**

Where the circuit court reverses and remands a cause for retrial on the ground of insufficiency of the evidence, and no new or additional evidence is offered on the retrial, the former holding of the circuit court is *res adjudicata* on the question of the weight and sufficiency of the evidence, and no additional evidence having been offered, no reason exists for again remanding the cause for a third trial.

[For other cases in point, see 7 Cyc. Dig., "Res Adjudicata," §§ 259-284.—Ed.]

[Syllabus approved by Judge Sullivan.]

ERROR to Hamilton common pleas court.

**Robert Ramsey,** for plaintiff in error.

**C. W. Baker,** for defendant in error.

## SULLIVAN, J.

At a former term of this court—other members then sitting—proceedings in error in this cause [Michigan Mutual Life Insurance Company v. Abner L. Whittaker, Administrator of estate of John C. Dexter, deceased], upon the same record and transcript of testimony, were prosecuted by plaintiff in error, to reverse a judgment rendered against it in the court below.

The judgment was reversed by this court on the ground alleged in the motion for a new trial and the petition in error, that the verdict and judgment were not sustained by sufficient evidence, and the cause remanded for further proceedings.

A second trial was had before a jury on the same testimony set forth in the bill of exceptions taken at first trial and before this court in such former proceedings in error. The jury again returned a verdict in favor of the defendant in error, differing only from the amount of the former verdict to the extent of the accrued interest.

Motion of plaintiff in error to set aside the verdict was again overruled and judgment entered upon the verdict.

In these proceedings we have, therefore, the same record and bill of exceptions that were before this court in the proceedings in which the first judgment of the court below was reversed. It is urged first by counsel for plaintiff in error that, the finding of the jury being on the issues joined in favor of the plaintiff below in a single sum, the verdict is irregular. There being two causes of action stated in the petition and issues being joined upon each, the jury should have returned a separate verdict upon each cause of action. That the verdict in its present form does not advise the court whether the jury found in favor of the defendant below, upon the first or upon both causes of. action. It is clear from the amount of the verdict that the jury included the full amount claimed in both causes of action, together with interest thereon for the period stated in the direction of the court. It is not necessary to look further than the pleadings and verdict to ascertain this fact.

If the meaning of the jury in its verdict is certain from its terms or becomes so when read in the light afforded by the pleadings, of which it is the duty of the court to take judicial notice, and if the judgment is in conformity with its finding, it ought not to be set aside. *Fries* v. *Mack*, 33 Ohio St. 52, 59.

"In considering the verdict itself with a view to its sufficiency, the first object is to ascertain what the jury intended to find and this is to be done by construing the verdict literally, with the sole view of ascertaining the meaning of the jury." *Miller* v. *Shackleford*, 34 Ky. (4 Dana) 264, 271.

If the objection to the verdict was sound, we are of the opinion the objection came too late. We, therefore, find this point by plaintiff in error not well taken.

In the former proceedings in this court, other members then sitting, the judgment entered at the first trial in the court below being reversed for error in overruling the motion of plaintiff in error to set aside the verdict because not sustained by sufficient evidence, and at the second trial the only testimony introduced being that introduced at the first trial, plaintiff in error contends that the court below should have sustained its motion to set aside the verdict and granted it a new trial because this court had adjudicated the right of the plaintiff in error to have such motion sustained upon the evidence in the record. If that adjudication was the law of the case, the motion should have

Hamilton County.

been sustained. Whether the proceedings at the second trial should have been carried that far is discussed farther along. We have read the bill and briefs of counsel discussing the law and the facts, and in connection therewith the opinion of the members of this court who sat in the hearing of the former proceedings in error. The analysis of the testimony set forth in the transcript and the weight accredited thereto in that opinion is so in accord with our own convictions after carefully reading the testimony that we adopt it. It is so fair, full and thorough that any analysis undertaken to be written out here would be found nothing more than a repetition and hence of no additional value.

It follows, therefore, that we have arrived at the same conclusion that the verdict is not sustained by sufficient evidence, thus sustaining the contention of plaintiff in error on this point; for which reason the judgment must be reversed. Upon the state of the record, the question then arises, whether the cause must again be remanded for trial, or whether this court can proceed to determine the judgment the trial court should have rendered, the case having been submitted on the same testimony as at the first trial, and enter that judgment here. At the conclusion of all the testimony a motion to withdraw the case from the consideration of the jury to enter a judgment for the defendant below was not made.

No motion was made for a judgment in favor of the defendant below notwithstanding the verdict.

In our view neither was necessary. If the former adjudication of this court on the weight of the evidence stood as the law of the case, then, the plaintiff below having failed to make out his case by proof, there was nothing for the jury to consider, and the trial court of its own motion should have withdrawn the case from the consideration of the jury and rendered judgment for the defendant below. If upon the weight of the evidence in this kind of a case, this court is the court of last resort, then it is well established by almost an unbroken line of authorities that its decision in the former proceedings in error remains the law of the case. On this point we cite simply *Dodge* v. *Gaylord*, 53 Ind. 365, as a long line of authorities is cited in that case.

Remanding the case in that proceeding for another trial would then be for the purpose only of securing to the plaintiff below another opportunity to strengthen his case by additional testimony, if he could, and not for the purpose of again having reviewed by this court, the same testimony and record before it in the former proceedings; otherwise there would be no limit of the right of a party to have the same

Insurance Co. v. Whittaker.

record reviewed by this court, on the weight of the evidence; and hence the salutary rule that litigation should be finally concluded would be of no force. Under the present statutes providing the jurisdiction of the Supreme Court in error, that court is not required in this kind of a case to pass upon the weight of the evidence. In its discretion it may do so, but neither party to a case of this kind has a legal right to require that court to do so.

It follows, therefore, that this court is the last court that parties have a legal right to require to pass upon the weight of the evidence and hence in that respect it is a court of last resort. Hence we are of the opinion that the trial court should have withdrawn the case from the consideration of the jury at the conclusion of all the testimony and rendered a judgment in favor of the defendant below, and not having done so, it is the duty of this court, upon the state of the record, to enter here a final judgment for plaintiff in error, as prayed for in its answer, which will be accordingly done.

**Wilson** and **Dustin, JJ.,** concur.